**FIRST NATIONAL BANK OF MILNOR, Plaintiff and Appellee,**

v.

**Merlyn YAGOW, Delores Yagow, and Kevin Yagow, Defendants and Appellants.**

**Civ. No. 870153.**

Supreme Court of North Dakota.

Nov. 23, 1987.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for plaintiff and appellee; argued by Jon R. Brakke.

Rudolph Lion Zalowitz, Elizabeth, for defendants and appellants. Appearance by DeLayne G. Nassif.

MESCHKE, Justice.

Merlyn, Delores, and Kevin Yagow appeal from a judgment evicting them from

their home on farmland owned by First National Bank of Milnor. We affirm.

The Bank purchased the land from a Liquidating Agent appointed by the Bankruptcy Court in the bankruptcy estate of Merlyn and Delores Yagow. By statute, 11 U.S.C. 363(f) (1985), the sale was made "free and clear" and was approved by the Bankruptcy Court.

 Yagows argue that the trial court improperly refused to postpone the eviction action until the Bankruptcy Court determined their homestead claim. Yagows' showing to the trial court about the prospects of their homestead claim was poor. The land had been heavily mortgaged so it is doubtful whether a homestead exemption could have been successfully asserted. NDCC 47–18–04(2). Yagows did not make a claim of homestead in the Bankruptcy Court until after the liquidation sale was final. Since the eviction, the exemption has been denied by the Bankruptcy Court. Under these circumstances, the trial court did not abuse its discretion in denying a postponement of the eviction.

Yagows also urge that a U.S. Magistrate violated the Code of Judicial Conduct for United States Judges in the bankruptcy proceeding, thereby making the bankruptcy sale of the property void from the beginning. Yagows offer no precedent for treating a federal court order as absolutely void for an ethical violation, if one did occur. Generally, North Dakota state courts are bound by related bankruptcy proceedings. *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938). This court has no power to review decisions of any federal court.

The trial court properly entered judgment following NDCC 33–06–01:

"An action of eviction to recover the possession of real estate is maintainable in the proper county court when:

" . . . .

"5. A party continues in possession after a sale of the real property under mortgage, execution, order, or any judicial process and after the expiration of the time fixed by law for redemp-

tion, or after the execution and delivery of a deed, . . ."

Accordingly, we affirm. Reasonable attorney's fees and costs for this appeal are awarded to the Bank under NDRAppP 38.

ERICKSTAD, C.J., GIERKE VANDE WALLE, JJ., and ILVEDSON, Surrogate Justice, concur.

ILVEDSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.