**FARM CREDIT BANK OF ST. PAUL, formerly known as Federal Land Bank of St. Paul, a corporation, and Howard Heley, Plaintiffs and Appellees,**

v.

**Leonard JELINEK, Defendant and Appellant.**

**FARM CREDIT BANK OF ST. PAUL, formerly known as Federal Land Bank of St. Paul, Plaintiff and Appellee,**

v.

**Adolph and Germaine JELINEK, Defendants and Appellants.**

Civ. Nos. 900358, 900359.

Supreme Court of North Dakota.

Nov. 14, 1991.

Adolph Jelinek, pro se.

Jon R. Brakke of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for plaintiffs and appellees.

VANDE WALLE, Justice.

Adolph, Germaine, and Leonard Jelinek appealed from a judgment evicting them from homes on farmland now owned by Farm Credit Bank of St. Paul (the Bank), and which is subject to a contract for deed between the Bank and Howard Heley. We affirm.

The Bank purchased the land formerly owned by the Jelineks from a liquidating agent appointed by the bankruptcy court in the bankruptcy estates of Adolph and Germaine, and Leonard Jelinek. Under a liquidation plan confirmed by the bankruptcy court, the Bank received the land "free and clear" of all claims (except those specified by the bankruptcy court, and which are irrelevant to the rights of the Jelineks in this eviction action). *See* 11 U.S.C. § 363(f).

Jelineks argue that the trial court improperly ordered their eviction because their redemption rights had not expired. Section 33–06–01, NDCC, authorizes:

"An action of eviction to recover the possession of real estate ... when:

.    .    .    .    .

"5.  A party continues in possession after a sale of the real property under mortgage, execution, order, or any judicial process after the expiration of the time fixed by law for redemption, or after the execution and delivery of a deed...."

When the Jelineks filed bankruptcy petitions, they created estates consisting of all their legal and equitable interests in property as of the commencement of their cases. 11 U.S.C. § 541(a). The bankruptcy court appointed a liquidating agent for those estates, and that agent conveyed the property to the Bank. The Bank, therefore, was a party which received its interest "after the execution and delivery of a deed." This transfer is not one of the proceedings for which our statutes provide a redemption period. *See, e.g.,* NDCC §§ 32–19–18 (right to redeem real property foreclosed by action); 32–31–02 (redemption rights in tax lien foreclosure); 35–01–16 (right to redeem property from lien); 35–22–20 (right to redeem upon real estate mortgage foreclosure by advertisement); 57–26–01 to 57–26–03 (redemption rights in tax sale). Therefore, Jelineks had no re-

demption rights which would justify a denial by the trial court of the Bank's right to an order of eviction.

The Jelineks made numerous arguments attacking the conduct of the Bank during the bankruptcy proceedings, and contesting the authority of the bankruptcy court to order a conveyance of the real property, "free and clear," to the Bank as a part of a confirmed liquidating plan in a chapter 11 bankruptcy estate. All of these arguments require us to review the decision of the federal bankruptcy court, or to review the conduct of the Bank in federal proceedings. This Court has no power to review decisions of any federal court, and is bound by related bankruptcy proceedings. *First Nat'l Bank of Milnor v. Yagow*, 415 N.W.2d 806 (N.D.1987); *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938). Therefore, the Jelineks' remaining arguments cannot be considered by this Court.

Accordingly, we affirm the judgment of eviction.

VERNON R. PEDERSON, Surrogate Judge, MESCHKE, J., and JORGENSEN, D.J., ERICKSTAD, C.J., concur.

VERNON R. PEDERSON, Surrogate Judge, and JORGENSEN, D.J., sitting in place of LEVINE, J., and GIERKE, J., disqualified.