**STATE BANK OF TOWNER,**
Plaintiff and Appellee,

v.

**Hugh K. EDWARDS and Gloria Edwards, Defendants and Appellants,**

and

**Triple Eight, Inc., Defendant.**

**Civ. No. 910416.**

Supreme Court of North Dakota.

May 6, 1992.

Richard P. Olson of Olson, Sturdevant and Burns, Minot, for plaintiff and appellee.

Gloria M. Edwards, pro se.

VANDE WALLE, Justice.

Hugh and Gloria Edwards appealed from a summary judgment foreclosing a real estate mortgage and ordering the sale of the mortgaged property. We affirm.

In 1976, the Edwardses gave Pioneer Bank of Towner a mortgage on their farm property which was subsequently assigned to the State Bank of Towner (the Bank). In 1989, the Edwardses filed for bankruptcy under Chapter 12 and they stopped making mortgage payments, relying on the protection of the bankruptcy court. The Bank obtained, in 1990, an order requiring interim payments from the Edwardses to protect the value of the Bank's security interest. As a part of the order for adequate protection, the bankruptcy court made the continuation of the bankruptcy stay of proceedings in state court contingent on the Edwards's payments.

Edwardses failed to make the required payments and the Bank proceeded in state court to foreclose its mortgage. Edwardses answered the Bank's complaint, but, at the hearing on the Bank's motion for summary judgment, the Edwards's lawyer withdrew the answer. The court entered a judgment of foreclosure, ordered sale of the secured property, and a sale was held and confirmed.

Relying on a statute which was amended by the time of notice of foreclosure and a

statute giving them the right to have the mortgaged property sold in separate parcels, the Edwardses contend that they were given defective notice of the Bank's intention to foreclose. They ask this court to restore to them the land sold under the foreclosure, apparently on the theory that the notice which they allege was defective rendered the judgment void. *See Kuntz v. Partridge,* 65 N.W.2d 681 (N.D.1954). In particular, the Edwardses were not given notice of their right granted by section 28–23–07, NDCC, to have the mortgaged property sold in parcels.

Our decision in this case is framed by certain principles which we employ when determining the application of statutory enactments. We begin by noting there is a presumption that the Legislature acts with a purpose and does not perform useless acts. *See Keyes v. Amundson,* 343 N.W.2d 78 (N.D.1983). An amendment or repeal of a part of a statute must be considered in determining the Legislature's intent. *Hammond v. North Dakota State Personnel Board,* 332 N.W.2d 244 (N.D.1983). The fact that the Legislature amends an existing statute is a clear indication that the Legislature intended to change the law. *Walker v. Weilenman,* 143 N.W.2d 689 (N.D.1966).

Section 28–23–07, NDCC, specifies that an owner of real property being sold under execution has the right to have "known lots or parcels" sold separately. In 1987, the Legislature added a statutory requirement that, in a foreclosure by action, notice of this right be served with the summons and complaint. S.L.1987, ch. 194, § 3. The statutory notice requirement was, however, part of an act set to expire June 30, 1989. S.L.1987, ch. 194, § 9. In 1989, the Legislature adopted House Bill 1621, a successor measure; it did not reenact the right-to-parcel notice requirement. *See* S.L.1989, ch. 394.

A spokesman for agricultural lenders testified, in 1989, that there were cases where a farmer "would sell of[f] parcels of his land, not to redeem, but to interrupt a sheriff's sale". Minutes of House Committee on the Judiciary, H.B. 1621, Feb. 13, 1989 [comments of Chuck McKay representing Farm Credit Services]. The 1989 act created a new scheme "to protect farm families from the dislocation caused by the financial crisis in agriculture" by protecting the homestead. S.L.1989, ch. 394, § 1. The Legislature enacted provisions that made it clear that farmers have the right to redeem that lot or parcel that contains a homestead, and added a requirement that farmers be notified of this protection. S.L.1989, ch. 394, §§ 2, 3. As with the 1987 law, a creditor foreclosing on farm property by action is required to serve this statutory notice along with the summons and complaint. *Id.* The act repealed Chapter 194 of the 1987 Session Laws and became effective April 11, 1989, when it was filed with the Secretary of State. S.L.1989, ch. 394, §§ 10 [repeal], 12 [effective date].

From this summary, it is clear that, by applying the principles outlined above, the effect and intent of the 1989 legislation, House Bill 1621, was, in part, to eliminate the requirement that farm debtors be served with notice of their right to designate separate parcels at the time of service of the summons and complaint for a foreclosure by action. The fact that the Bank did not give the Edwardses notice that they could designate their non-homestead parcels as separate parcels did not, therefore, render the notice defective.

The Edwardses also argue that the bankruptcy court erred when it lifted the automatic stay, enabling the Bank to proceed in state court. This court has no power to review the decisions of any federal court, and is bound by related bankruptcy proceedings. *E.g., Farm Credit Bank v. Jelinek,* 477 N.W.2d 243 (N.D.1991). Therefore, we do not consider Edwards's remaining argument.

The judgment of the district court is affirmed.

ERICKSTAD, C.J., VANDE WALLE, LEVINE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of JOHNSON, J., disqualified.