STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph HAZEN, Defendant-Appellant.†

Court of Appeals

*No. 95–1379–CR. Submitted on briefs October 17, 1995.—Decided November 14, 1995.*

(Also reported in 543 N.W.2d 503.)

†Petition to review denied.

On behalf of defendant-appellant, the cause was submitted on the briefs of *Keith F. Ellison* of *Patterson, Richards, Hessert, Wendorff & Ellison* of Wausau.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Gregory Posner-Weber*, assistant attorney general, of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Joseph Hazen, a juvenile, appeals his judgment of conviction in adult criminal court for assault and battery of a prison guard. Hazen claims that §§ 48.183 and 970.032, STATS., violate the procedural due process clause by placing him in criminal court without a hearing.[1] Section 48.183 automatically places a juvenile in criminal court if the juvenile has committed an assault or battery in a juvenile detention facility.[2] Under § 970.032(2), STATS., the

---

[1] Hazen also initially raised constitutional challenges against these statutory sections under the equal protection and substantive due process clauses. However, *State v. Martin*, 191 Wis. 2d 647, 530 N.W.2d 420 (Ct. App. 1995), resolved those issues against him.

[2] Section 48.183, STATS., provides:

Notwithstanding ss. 48.12 (1) and 48.18, courts of criminal jurisdiction have exclusive original jurisdiction over a child who is alleged to have violated s. 940.20 (1) or 946.43 [statutory sections prohibiting battery by prisoners and assaults by prisoners, respectively] while placed in a secured correctional facility. Notwithstanding subchs. IV to VI, a child who is alleged to have violated s. 940.20 (1) or 946.43 while placed in a secured correctional facility is subject to the procedures specified in chs. 967 to 979 and the criminal penalties provided for those crimes, unless a court of criminal

criminal court holds a "reverse waiver" hearing to determine whether it should retain jurisdiction or transfer jurisdiction to the juvenile court.[3] The circuit court upheld the constitutionality of the statutes. Because a reverse waiver hearing does not deprive Hazen of a constitutionally protected right to life, liberty or property, we affirm.

Hazen was charged with attacking an employee of Lincoln Hills School, a secured correctional facility for juveniles, contrary to §§ 940.20(1) and 946.43(1), STATS. Hazen was confined at Lincoln Hills at the time of the battery. The circuit court assumed jurisdiction of Hazen's criminal case pursuant to § 48.183, STATS.

Hazen moved to have the courtroom closed to the public and press until the reverse waiver hearing. Hazen contended that identification by the public and press violated his rights under the juvenile code. The circuit court denied the motions on the basis that Hazen was presumed to be an adult under § 48.183,

---

jurisdiction transfers jurisdiction under s. 970.032 to a court assigned to exercise jurisdiction under this chapter.

[3] Section 970.032(2), STATS., provides:

(2) If the court finds probable cause as specified in sub. (1), the court shall determine whether to retain jurisdiction or to transfer jurisdiction to the court assigned to exercise jurisdiction under ch. 48. The court shall retain jurisdiction unless the court finds all of the following:

(a) That, if convicted, the child could not receive adequate treatment in the criminal justice system.

(b) That transferring jurisdiction to the court assigned to exercise jurisdiction under ch. 48 would not depreciate the seriousness of the offense.

(c) That retaining jurisdiction is not necessary to deter the child or other children from committing violations of s. 940.20 (1) or 946.43 or other similar offenses while placed in a secured correctional facility, as defined in s. 48.02 (15m).

STATS., so the rules of criminal court, not juvenile court, applied.

At the reverse waiver hearing, Hazen claimed that §§ 48.183 and 970.032, STATS., violated his due process and equal protection rights by revealing his identity to the public and press. The circuit court held that the challenged statutes did not violate either the equal protection clause or Hazen's due process rights. Hazen subsequently pled guilty to all counts, but filed a notice to pursue postconviction relief based on the constitutionality issue. In light of *State v. Martin*, 191 Wis. 2d 647, 530 N.W.2d 420 (Ct. App. 1995), we now address his appeal only with respect to the issue of procedural due process.

The constitutionality of a statute is a question of law the appellate court decides without deference to the circuit court. *State v. Migliorino*, 150 Wis. 2d 513, 524, 442 N.W.2d 36, 41 (1989). The Wisconsin and United States Constitutions prohibit governmental actions that would deprive any person of life, liberty or property without due process of law.[4] " 'In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*' " *Casteel v. McCaughtry*, 176 Wis. 2d 571, 579, 500 N.W.2d 277, 281 (1993) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).

When a plaintiff claims a procedural due process violation, the first question is whether the state has

---

[4] The due process clause is contained in the Fifth and Fourteenth Amendments to the United States Constitution and article I, § 8 of the Wisconsin Constitution.

deprived the plaintiff of a constitutionally protected interest in life, liberty or property. *Id.* at 579, 500 N.W.2d at 281. If such a deprivation occurred, we determine whether the process provided before the deprivation was constitutionally adequate. *Id.*

The due process clause protects interests in life, liberty and property, and state laws can create additional interests protected by the due process clause. *Kentucky Dept. of Correcs. v. Thompson*, 490 U.S. 454, 460 (1989). Hazen claims that §§ 48.183 and 970.032, STATS., create a constitutionally protected liberty interest for juveniles to be free from the loss of confidentiality in a criminal court until the criminal court holds a reverse waiver hearing.

■

We conclude that §§ 48.183 and 970.032, STATS., do not create a protected liberty interest because the statutes do not mandatorily direct the criminal court to hold a reverse waiver hearing before releasing the identity of the juvenile and because Hazen's reputational interest is not a sufficient substantive right to invoke constitutional protection.

Until recently, the test to determine whether a statute created a protected liberty interest was whether the statute mandatorily directed a government official to reach a decision based on substantive predicates. *Hewitt v. Helms*, 459 U.S. 460, 471-72 (1983). In *Sandin v. Conner*, 115 S.Ct. 2293 (1995), the Court abandoned the *Hewitt* methodology in the context of prisoner rights cases. The Court adopted a test that looks to the substance of the right being asserted,

not the language of the statute creating the right. *Sandin*, 115 S.Ct. at 2300.[5]

Although we have grave doubts about the vitality of the *Hewitt* methodology in nonprisoner contexts, "[i]t is impossible to know whether the philosophy of *Sandin* will extend to determinations of liberty and property interests in areas other than prison discipline." *Jones v. Dane County*, 195 Wis. 2d 892, 963, 537 N.W.2d 74, 100 (Ct. App. 1995) (Sundby, J., dissenting).[6] We need not determine which test to use in this case because §§ 48.183 and 970.032, STATS., do not create a constitutionally protected liberty interest under either test.

The sections do not deprive Hazen of a constitutionally protected interest under *Sandin*'s substantive analysis test. Hazen's substantive right is the right to protect his reputation by keeping the proceedings

---

[5] In *Sandin v. Conner*, 115 S.Ct. 2293 (1995), the United States Supreme Court stated that when a state law creates a liberty interest in prisoners' rights cases:

> [T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at 2300 (citations omitted).

[6] In *Jones v. Dane County*, 195 Wis. 2d 892, 537 N.W.2d 74 (Ct. App. 1995), the majority did not reach the issue whether *Sandin v. Conner*, 115 S.Ct. 2293 (1995), abandoned the *Hewitt v. Helms*, 459 U.S. 460 (1983), methodology for nonprisoner cases. However, the majority did comment "[t]hat violations of most prison rules may no longer be the basis of § 1983 prisoner suits does not necessarily imply dramatic change in nonprisoner § 1983 jurisprudence." *Jones* 195 Wis. 2d at 916, 537 N.W.2d at 81.

closed to the press and public before the reverse waiver hearing. The United States Supreme Court has held that state actions that injure a person's reputation alone do not constitute a deprivation of life, liberty or property necessary to invoke the protection of the due process clause. *Paul v. Davis*, 424 U.S. 693, 701 (1976). In *Paul*, the Court stated that reputation can only rise to the level of a constitutionally protected interest when some more tangible interest accompanies the loss of reputation. *Id.* at 701. Hazen does not claim that placement in criminal court deprives him of any constitutional interest other than confidentiality.

Hazen also fails to establish that §§ 48.183 and 970.032, STATS., create a liberty interest under *Hewitt*'s methodology. Hazen argues that the statutes at issue "employ mandatory language, requiring that certain procedures be employed before the challenged action (in this case, criminal jurisdiction over a minor) will occur."

We conclude that no governmental decision based on substantive predicates need be made before a criminal court assumes jurisdiction under § 48.183, STATS. That statute automatically grants the criminal court jurisdiction in certain circumstances. *See supra* note 2. The only decision the criminal court makes is whether to *retain* jurisdiction under § 970.032, STATS.[7] Even if the criminal court decides not to retain jurisdiction, the juvenile's name will still be released to the public by virtue of the criminal court's original jurisdiction. Because the court does not make a decision to assume jurisdiction based on substantive predicates, the stat-

---

[7] Section 970.032(2), STATS., provides in part that "[t]he court shall *retain* jurisdiction unless the court finds . . . ." (Emphasis added.) *See supra* note 3.

utes do not create a constitutionally protected right under *Hewitt*.

We conclude that §§ 48.183 and 970.032, STATS., do not deprive Hazen of his right to life, liberty or property; therefore, we need not address his due process claim further. *See Casteel*, 176 Wis. 2d at 568, 484 N.W.2d 281. Accordingly, we affirm the judgment.

*By the Court.*—Judgment affirmed.