1998 ND App 2

**Troy Donovan MEAD, Petitioner and Appellee,**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellant.**

**Civil No. 980054CA.**

Court of Appeals of North Dakota.

July 7, 1998.

---

**146**

William A. Mackenzie, of Mackenzie & Reisnour, Jamestown, for petitioner and appellee. Submitted on brief.

Andrew Moraghan (argued), Assistant Attorney General, Bismarck, for respondent and appellant.

PER CURIAM.

[¶ 1] The Department of Transportation appealed from a district court judgment reversing an administrative suspension of Troy Donovan Mead's license for 91 days for driving while under the influence. We reverse the judgment and remand with instructions to reinstate the Department's administrative suspension of Mead's license.

[¶ 2] At about 2:30 a.m. on August 28, 1997, a clerk at a convenience store in Jamestown reported an intoxicated man had left the store driving west on 5th Street in a dark Mazda pickup with a topper and license plate number DVD 941. A police dispatcher relayed the information to law enforcement officers on duty. Jamestown police officer Dana Middleton was on duty and saw a small pickup with a topper on 5th Street. By the time Middleton verified the license plate number on the pickup, it was proceeding out of Jamestown on the "stockyard road." Middleton did not know if he was within one and one-half miles of the Jamestown city limits when he observed the pickup cross the center line.

[¶ 3] Middleton informed the dispatcher he had seen the pickup cross the center line and requested permission to stop the pickup. The dispatcher contacted Stutsman County Deputy Sheriff Chad Kaiser, and Kaiser directed Middleton to stop the pickup. Middleton stopped the pickup outside the Jamestown city limits and identified Mead as the driver. Middleton detected a strong odor of alcoholic beverages from the pickup and observed that Mead's speech was slow and his eyes were bloodshot. Middleton also noticed Mead's eyes "kind of squinted" and he had difficulty maintaining his balance as he stepped out of the pickup. Kaiser arrived at the scene sometime after the stop, but did not participate in the investigation. Instead, Middleton administered field sobriety tests and another officer administered an ALERT test to Mead. Mead failed those tests, and Middleton arrested him for driving under the influence of alcohol. A subsequent blood-alcohol test revealed Mead had an alcohol concentration of .19 percent.

[¶ 4] The Department issued Mead a temporary operator's permit under N.D.C.C. Ch. 39–20, and he requested an administrative hearing regarding the suspension of his license. An administrative hearing officer suspended Mead's driving privileges for 91 days, concluding Kaiser had given Middleton authority to stop Mead's vehicle, Middleton had reasonable grounds to stop Mead's vehicle and arrest him for driving while under the influence, Mead was tested for blood-alcohol concentration in accordance with N.D.C.C. § 39–08–01, and the test results

showed Mead had a blood-alcohol concentration of at least .10 percent.

[¶ 5] Mead moved for reconsideration, contending Kaiser did not authorize Middleton to go beyond the initial stop and actually arrest Mead. The hearing officer denied Mead's motion, concluding the record sufficiently reflected Kaiser requested Middleton's assistance in apprehending a possible driver under the influence.

[¶ 6] The district court reversed Mead's administrative suspension, concluding:

"The remaining issue is whether Middleton had the authority to take over the jurisdiction of Stutsman County and arrest Mead and require him to appear in Municipal Court for criminal charges. The [e]rratic driving occurred outside of city limits. The investigation of suspected DUI activity occurred outside of city limits. A Stutsman County Deputy Sheriff was present for an investigation and arrest, but did neither activity. Middleton's actions of investigation and arrest went beyond aid and assistance allowed by North Dakota Century Code 44–08–20(3). Middleton did not have the authority to arrest Mead."

The Department appealed.

[¶ 7] An appeal from an administrative hearing officer's decision involving a license suspension is governed by the Administrative Agencies Practice Act, N.D.C.C. Ch. 28–32. *Erickson v. Director, N.D. Dep't of Transp.,* 507 N.W.2d 537 (N.D.1993). On appeal, the decision of the agency must be affirmed if: (1) the findings of fact are supported by a preponderance of evidence; (2) the conclusions of law are sustained by the findings of fact; (3) the decision is supported by the conclusions of law; and (4) the decision is in accordance with the law. *Wolf v. North Dakota Dep't of Transp.,* 523 N.W.2d 545 (N.D.1994).

[¶ 8] On appeal the Department contends the administrative suspension of Mead's driving privileges should be summarily affirmed because his specifications of error failed to allege any error with particularity as required by *Vetter v. North Dakota Workers Comp. Bur.,* 554 N.W.2d 451 (N.D.1996). We need not decide whether Mead's specifi-cations of error were sufficient under *Vetter,* however, because we conclude Middleton had authority to arrest Mead.

[¶ 9] The Department argues Middleton had authority to complete the investigation and arrest Mead under N.D.C.C. § 44–08–20(3), which provides:

"*Additional powers of peace officers.* Peace officers employed by a law enforcement agency within the state have the power of a peace officer in the following circumstances:

\*     \*     \*     \*     \*     \*

"3. When responding to requests from other law enforcement agencies or officers for aid and assistance. For the purposes of this subsection, such a request from a law enforcement agency or officer means only a request for assistance as to a particular and singular violation or suspicion of violation of law, and does not constitute a continuous request for assistance outside the purview of the jurisdiction of the law enforcement agency by which a peace officer is employed."

Mead does not dispute Kaiser requested Middleton's aid and assistance in stopping Mead's vehicle. Rather, Mead argues Middleton did not have authority to arrest Mead after the stop.

[¶ 10] The interpretation of a statute is a question of law which is fully reviewable. *State v. Beilke,* 489 N.W.2d 589 (N.D. 1992). Statutes must be construed in their plain, ordinary and commonly understood meaning to avoid absurd results. *County of Stutsman v. State Historical Society,* 371 N.W.2d 321 (N.D.1985). Statutes also must be harmonized to give meaning to related provisions. *Beilke.*

[¶ 11] Section 44–08–20(3), N.D.C.C., authorizes peace officers responding to requests from other law enforcement agencies to provide aid and assistance outside their normal jurisdiction. *See State v. Graven,* 530 N.W.2d 328 (N.D.1995); *Beilke.* Section 44–08–20(3), N.D.C.C., gives "[p]eace officers employed by a law enforcement agency within the state the power of a peace officer" to respond to requests from other law enforce-

ment agencies or officers for aid and assistance of a particular and singular violation or suspicion of violation of law. Under N.D.C.C. § 29–06–02, a peace officer has authority to make an arrest with or without a warrant. Section 29–06–15(1)(f), N.D.C.C., authorizes a law enforcement officer, without a warrant, to arrest a person who the officer has reasonable cause to believe was driving while under the influence of alcoholic beverages.

[¶ 12] When construed together, those statutes give a peace officer responding to a request from other law enforcement agencies for aid and assistance for a particular and singular violation of the law, the power of a peace officer, including the power to make a warrantless arrest of an individual upon probable cause to believe the person was driving while under the influence of alcoholic beverages. We decline to narrowly construe "aid and assistance" to preclude a police officer responding to a valid request from effectuating an arrest. We hold a peace officer who is responding to a request from another law enforcement agency for aid and assistance has the authority to complete the investigation and make an arrest.

[¶ 13] Here, Middleton had a reasonable and articulable suspicion to make an investigatory stop of Mead's vehicle, and Middleton's observations of Mead after the stop ripened into probable cause to arrest him for driving while under the influence. *See Zimmerman v. North Dakota Dep't of Transp.*, 543 N.W.2d 479 (N.D.1996); *Graven; State v. Woytassek*, 491 N.W.2d 709 (N.D.1992). We therefore hold Middleton had authority to arrest Mead.

[¶ 14] We reverse the district court judgment and remand with instructions to reinstate the administrative suspension of Mead's license.

[¶ 15] O'KEEFE, C.J., and BRUCE E. BOHLMAN and RONALD L. HILDEN, District Judges, concur.