2000 ND 115

**Paul BUCHHOLZ d/b/a Helmer's Corner Bar, Plaintiff and Appellant,**

v.

**CITY OF ORISKA, a North Dakota Municipal Corporation, Defendant and Appellee.**

**No. 990364.**

Supreme Court of North Dakota.

May 30, 2000.

Mark T. Blumer (submitted on brief), Nelson, Blumer & Johnson, PLLP, Fargo, for plaintiff and appellant.

Angela E. Lord (submitted on brief), Vogel, Weir, Bye, Hunke & McCormick, Ltd., Fargo, for defendant and appellee.

MARING, Justice.

[¶ 1] Paul Buchholz appeals from a judgment dismissing his action against the City of Oriska ("the City"). In the trial court, Buchholz challenged the substantive and procedural validity of an ordinance adopted by the City. On appeal, he raises only one issue: whether under N.D.C.C. § 40–05–01(1) the City was required to file a copy of the proposed ordinance in the office of the city auditor prior to its adoption. We conclude the statute contains no such mandate and, therefore, we affirm.

[¶ 2] The interpretation of a statute is a question of law, fully reviewable by this Court on appeal. *Kuntz v. Muehler*, 1999 ND 215, ¶ 9, 603 N.W.2d 43. Our primary objective in interpreting a statute is to ascertain the intent of the legislature by looking at the language of the statute itself and giving it its plain, ordinary, and commonly understood meaning. *Peterson v. Traill Co.*, 1999 ND 197, ¶ 10, 601 N.W.2d 268; N.D.C.C. §§ 1–02–02 and 1–02–03. If a statute's language is ambiguous, we look to extrinsic aids to determine the legislature's intent. *Werlinger v. Champion Healthcare Corp.*, 1999 ND 173, ¶ 44, 598 N.W.2d 820. A statute is ambiguous when it is susceptible to differing, but rational, meanings. *Id.*

[¶ 3] Buchholz argues N.D.C.C. § 40–05–01(1) requires that a copy of any proposed ordinance be filed in the office of the city auditor and that the City's failure to comply with this mandate invalidates the challenged ordinance. Section 40–05–01(1), N.D.C.C., states that the governing body of a municipality has the power:

> [t]o enact or adopt all such ordinances, resolutions, and regulations, not repugnant to the constitution and laws of this state, as may be proper and necessary to carry into effect the powers granted to such municipality or as the general welfare of the municipality may require, and to repeal, alter, or amend the same. The governing body of a municipality may adopt by ordinance the conditions, provisions, and terms of a building code, a fire prevention code, a plumbing code, an electrical code, a sanitary code, vehicle traffic code, or any other standard code which contains rules and regulations printed as a code in book or pamphlet form by reference to such code or portions thereof alone without setting forth in said ordinance the conditions, provisions, limitations, and terms of such code. When any such code or portion thereof shall have been incorporated by reference into any ordinance as aforesaid, it shall have the same force and effect as though it had been spread at large in such ordinance without further or additional posting or publication thereof. *A copy of such standard code or portion thereof shall be filed for use and examination by the public in the office of the city auditor of such municipality prior to the adoption thereof.* The adoption of any such standard code by reference shall be construed to incorporate such amendments thereto as may be made therein from time to time, and such copy of such standard code so filed shall at all times be kept current in the office of the city auditor of such municipality. The adoption of any such code or codes heretofore by any municipality is hereby validated. Fines, penalties, and forfeitures for the violation thereof may be provided within the limits specified in this chapter notwithstanding that such offense may be punishable also as a public offense under the laws of this state.

(Emphasis added.)

[¶ 4] We conclude the statute is unambiguous. The plain language of the statute grants municipalities the power to adopt, by reference, the terms of an existing code. When doing so, a municipality must file a copy of the code which is to be adopted by reference in the office of the city auditor for public use and examination. In the present case, the ordinance Buchholz challenges is self-contained; it does not adopt an existing code by reference. Therefore, the filing requirement of N.D.C.C. § 40–05–01(1) does not apply to this ordinance.

[¶ 5] Though Buchholz raised other issues before the trial court, he did not brief those issues on appeal. Therefore, we do not address them. *See Olmstead v. First Interstate Bank of Fargo, N.A.*, 449 N.W.2d 804, 807 (N.D.1989) (issues not briefed or argued are deemed abandoned).

[¶ 6] We affirm the judgment dismissing Buchholz's action against the City.

[¶ 7] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, JJ., MICHAEL O. McGUIRE, District Judge, concur.

[¶ 8] MICHAEL O. McGUIRE, District Judge, sitting in place of KAPSNER, J., disqualified.