Filed 1/30/01 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2001 ND 8

Nicholas David Doyle, 

a minor, by his parent 

and guardian, Karen Doyle, Petitioner and Appellee

v.

David A. Sprynczynatyk, Director, 

North Dakota Department 

of Transportation,* Respondent and Appellant

No. 20000244

Appeal from the District Court of Nelson County, Northeast Central Judicial District, the Honorable Kirk Smith, Judge.

REVERSED.

Opinion of the Court by Kapsner, Justice.

Douglas L. Broden (on brief), Broden, Broden & Walker, P.O. Box 686, Devils Lake, ND 58301-0686, for petitioner and appellee.

Andrew Moraghan, Assistant Attorney General, Attorney General's Office, 900 E. Boulevard Ave., Bismarck, ND 58505-0041, for respondent and appellant.

*See Substitution of Successor to Public Office, N.D.R.App.P. 43.

Doyle v. Sprynczynatyk

No. 20000244

Kapsner, Justice.

[¶1] The North Dakota Department of Transportation (“DOT”) appeals from the district court judgment which reversed the DOT’s decision and reinstated the driving privileges of Nicholas David Doyle.  We reverse the district court’s judgment.

I

[¶2] On December 5, 1999, Nicholas Doyle was cited for driving 82 mph in a 65-

mph zone.  On December 18, 1999, at the suggestion of his attorney, Doyle completed a defensive driving course to reduce points he anticipated would be added to his driving record as a result of this violation.  The speeding charge later was amended to allege Doyle had driven 80 mph.  On January 4, 2000, Doyle was convicted of the charge in district court.

[¶3] On January 5, 2000, the DOT received both Doyle’s certification of completion of the defensive driving course and notice of Doyle’s conviction from the district court.  As no violations were recorded on Doyle’s driving record at that date, the DOT did not enter a points reduction for Doyle’s completion of the driving course.  On January 11, 2000, the DOT recorded the conviction and assessed four points on Doyle’s driving record.

[¶4] On March 6, 2000, Doyle was convicted of an additional speeding violation, driving 74 mph in a 55-mph zone.  On March 14, 2000, the DOT recorded the conviction and assessed three points on Doyle’s driving record.  After the DOT notified Doyle his driver’s license would be canceled due to an accumulation of seven points on his record, Doyle requested a hearing.  The hearing officer recommended not canceling Doyle’s driving privileges, reasoning the intent of the point reduction statute is not violated by holding the points accumulated before they were actually entered into Doyle’s driving record.  The hearing officer stated the purpose of the statutory language requiring points to be accumulated prior to taking the driving course is to “assure one could not take a course to reduce points below zero in anticipation of committing a violation.”

[¶5] The DOT rejected the hearing officer’s recommendations and canceled Doyle’s driver’s license.  The DOT refused the point reduction since Doyle had completed the driving course before his conviction, when he had not yet accumulated points.

[¶6] On appeal, the district court reversed the DOT’s decision and reinstated Doyle’s driving privileges.  The district court reasoned the DOT’s assertion that Doyle did not accumulate points prior to taking the defensive driving course “elevates form over substance.”  The court indicated Doyle took his attorney’s advice and completed a driving course to reduce points Doyle anticipated would be added to his driving record for this speeding citation.  The court concluded the DOT’s refusal to reduce Doyle’s point accumulation was not consistent with the public policy of encouraging safe driving, which is promoted by the point reduction statute.  The DOT appeals.

II

[¶7] In 
Kouba v. State, Dep’t of Transp
., 1999 ND 233, ¶ 4, 603 N.W.2d 696, we summarized the standard of review for appeals from district court decisions on license suspension:

We do not review the decision of the district court, but instead review the record compiled and the decision rendered by the agency.  We affirm the agency’s decision unless: 1) a preponderance of the evidence does not support the agency’s findings; 2) the agency’s findings of fact do not support its conclusions of law and its decision; 3) the agency’s decision violates the constitutional rights of the appellant; 4) the agency did not comply with the Administrative Agencies Practice Act in its proceedings; 5) the agency’s rules or procedures have not afforded the appellant a fair hearing; or 6) the agency’s decision is not in accordance with the law.

(Citations omitted.)

A

[¶8] Under existing statutory requirements, the DOT must cancel permits or driver’s licenses of minors who have accumulated point totals on their driving record in excess of five points.  N.D.C.C. § 39-06-01.1(1).  However, point totals are reduced for completion of a defensive driving course, as mandated under N.D.C.C. § 39-06.1-

13(2):

The point total shown on a licensee’s driving record must, during any twelve-

month period, be reduced by three points when the licensee mails or delivers a certificate to the licensing authority indicating successful completion of instruction in a driver training course approved by the licensing authority. . . . The reduction in points authorized by this subsection must only be from a point total accumulated prior to completion of the necessary hours of driver training instruction . . . .

[¶9] The DOT urges us to reverse the district court judgment and reinstate the DOT’s cancellation of Doyle’s driver’s license because the statutory language plainly authorizes reduction of points only from a point total accumulated prior to completing a driving course.  The DOT contends points did not accumulate on Doyle’s driving record retroactive to the date Doyle was charged with a traffic violation.  Rather, the DOT argues the statutory term “accumulated” is ambiguous and susceptible to two different rational meanings that points accumulate either on the date of conviction or the date the points are entered on the driving record.  The DOT claims it has adopted a “more liberal” interpretation of the statute in a driver’s favor by considering points to have accumulated at the time of conviction, rather than insisting they have not accumulated until the time the DOT performs the ministerial act of entering points on the driving record.

[¶10] A statute is ambiguous when it is susceptible to differing, but rational, meanings.  
Buchholz v. City of Oriska
, 2000 ND 115, ¶ 2, 611 N.W.2d 886.  The interpretation of a statute is a fully reviewable question of law.  
Mead v. North
 
Dakota Dep’t of Transp
., 1998 ND App 2, ¶ 10, 581 N.W.2d 145.  Statutes must be harmonized to give meaning to related provisions and must be construed in their plain, ordinary, and commonly understood meaning.  
Id.
  We interpret statutes in context to give meaning and effect to every word, phrase, and sentence in a statute.  
Treiber v. Citizens State Bank
, 1999 ND 130, ¶ 17, 598 N.W.2d 96; 
see also
 N.D.C.C. § 1-02-03 (providing words and phrases of a statute must be construed according to the context).   We defer to the interpretation of a statute by the agency administering the law unless that interpretation contradicts clear statutory language.  
Saari v. North Dakota Workers Comp. Bureau
, 1999 ND 144, ¶ 20, 598 N.W.2d 174.

[¶11] We conclude N.D.C.C. § 39-06.1-13(2) is unambiguous.  The plain language of the statute authorizes a reduction of points only from a point total accumulated prior to completion of the necessary hours of driver training instruction.  That is, the defensive driving course may not be used to reduce points on a driver’s record until those points have accumulated.  Interpreted in context, the first sentence of § 39-06.1-

13(2) provides:  “The point total shown on a licensee’s driving record must . . . be reduced by three points when the licensee . . .  indicat[es] successful completion of instruction in a driver training course . . . .”  However, points are not shown on a
 
driving record until the DOT receives a report of conviction for a traffic violation and enters the points on the driving record.

[¶12] A related statute, N.D.C.C. § 39-06.1-10(1) provides:

When a report of a conviction of a traffic offense, or admission or adjudication of a traffic violation is received by the licensing authority, the licensing authority shall proceed to 
enter
 the proper number of points 
on
 the licensee’s 
driving record
 . . . . When the 
driving record shows
 that the licensee has an 
accumulated point total
 of twelve or more points, . . . the authority shall notify the licensee of its intention to suspend the operator’s license . . . .  

(Emphasis added.)  This related statute is further contextual evidence that points accumulate when entered on the driving record.  Thus, the DOT’s contention that § 39-06.1-13(2) is susceptible to two different rational meanings, either that points accumulate on conviction or on entry into the driving record, contravenes the unambiguous language of the statute taken in context which plainly states points accumulate only when the DOT enters the points on the licensee’s driving record.  
See
 
Saari
, 1999 ND 144, ¶ 20, 598 N.W.2d 174 (deferring to an administrative agency’s interpretation of a statute if not contradictory to clear statutory language).  We conclude the DOT’s interpretation that points accumulate on the date a driver is convicted of the traffic violation contradicts express statutory language that points accumulate on the date of entry on the driving record.  
See
 
Lembke v. Unke
, 171 N.W.2d 837, 854 (N.D. 1969) (Knudson, J., dissenting) (quoting 50 Am.Jur. 
Statutes
 § 229 (1944) (“The general rule is that nothing may be read into a statute which is not within the manifest intention of the legislature as gathered from the act itself, and that a statute should not be construed any more broadly or given any greater effect than its terms require.”).

B

[¶13] The DOT contends the district court does not have the prerogative to decide whether the perceived public policy of a statute warrants application of the statute beyond the reach of its plain language providing for a reduction of points accumulated only prior to completing a driving course.  We agree.

[¶14] We have said many times if changes are to be made in the statute, we leave that matter to the legislature, as “it is for the legislature to determine policy, not for the courts.”  
Treiber v. Citizens State Bank
, 1999 ND 130, ¶ 16, 598 N.W.2d 96 (quoting 
Lembke v. Unke
, 171 N.W.2d 837, 853 (N.D. 1969) (Knudson, J., dissenting)).  Courts are not free to disregard the letter of a statute under the pretext of pursuing its spirit.  
Trinity Med. Ctr., Inc. v. Holum
, 544 N.W.2d 148, 154 (N.D. 1996); 
see also
 N.D.C.C. § 1-02-05 (providing that “[w]hen the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit”).  The legislature has sifted through the competing policy concerns and adopted a statute, and our function is not to reevaluate those policy arguments, but to ascertain the legislature’s intent from the language of the statute.  
Trinity
, 544 N.W.2d at 154.  If the language of a statute is clear and unambiguous, the legislative intent is presumed clear from the face of the statute.  
In re Estate of Thompson
, 1998 ND 226, ¶ 7, 586 N.W.2d 847.

[¶15] The district court authorized a points reduction for Doyle’s completion of a driving course before points were actually entered on his driving record, based on the public policy of encouraging safe driving which underlies the point reduction statute.  The district court stated the DOT “elevates form over substance” by refusing to reduce Doyle’s points when he completed a defensive driving course after being charged with a traffic citation, but before his conviction.  Doyle also contends points must accumulate as of the date he was charged with a traffic violation because otherwise a driver has no notice that points have been entered on the driving record except by making repeated phone calls to the DOT.  Doyle argues drivers may be faced with having to take a later scheduled driving course at a location some distance away, since the courses are only offered at certain limited times in the state.  According to Doyle, this difficulty and inconvenience in getting points reduced contravenes the legislative intent of encouraging improved driving skills and safety by reducing points for completing a defensive driving course.

[¶16] Both the district court and Doyle make good arguments; however, the function of the courts is to interpret law, not to make law.  
See
 
Fetzer v. Minot Park Dist
., 138 N.W.2d 601, 604 (N.D. 1965) (holding we cannot legislate, regardless of how much we might desire to do so or how worthy an argument; if the rule is wrong, the legislature has ample power to change it, but  duty of the judiciary is to enforce the law as it exists).

[¶17] Therefore, we conclude the policy arguments of the district court and Doyle fail.  While there may be valid policy concerns supporting a reduction of points accumulated at the date of the charge, or even at the date of the conviction for that charge, those arguments are for the legislature, not this Court.  We may not impose our own view of public policy by disregarding the clear, unambiguous language of a statute indicating points accumulate when entered on the driving record.

III

[¶18] The judgment of the district court, reinstating Doyle’s driver’s license, is reversed.

[¶19] Carol Ronning Kapsner

Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.