2007 ND 145

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Douglas Alexander DEMARS, Defendant and Appellant.**

**No. 20070015.**

Supreme Court of North Dakota.

Aug. 30, 2007.

Kimberlee Jo Hegvik, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Lorelle A. Moeckel (argued) and Steven M. Light (appeared), Larivee & Light, Fargo, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Douglas A. Demars appeals from a criminal judgment entered upon his conditional plea of guilty to driving under the influence in violation of N.D.C.C. § 39–08–01. We reverse, concluding the district court erred in denying Demars's suppres-

sion motion because the record lacks sufficient competent evidence to establish the police officer stopped Demars's vehicle within the officer's geographical jurisdiction.

## I

[¶ 2] In June 2006, West Fargo police officer Ryan O'Donnell was on patrol when he overheard the Red River Regional Dispatch inform the Cass County Sheriff's Department of a possible intoxicated driver "northbound on Sheyenne Street or Cass 17 from Horace." Officer O'Donnell testified that because he was close to the area, he proceeded by driving west on Interstate 94 to Sheyenne Street. After arriving at Sheyenne Street, Officer O'Donnell proceeded to follow a dark Blazer east on Interstate 94. Upon confirming the license plates did not match the number given by the dispatch, Officer O'Donnell turned around in the ditch and headed back toward Sheyenne Street where he observed a silver Blazer entering the eastbound lane of Interstate 94. Officer O'Donnell again turned around and caught up to the vehicle, confirming it was the vehicle described by the dispatch.

[¶ 3] Officer O'Donnell testified that he then followed the vehicle eastbound and observed the vehicle weaving within its lane before reaching the intersection of Interstate 94 and Interstate 29. Officer O'Donnell also observed the vehicle drive into the exit lane on Interstate 94 to enter northbound Interstate 29, crossing back into the driving lane without using a turn signal, and then crossing back into the exit lane. Officer O'Donnell followed the motor vehicle onto the exit ramp and proceeded into the northbound lane of Interstate 29. Officer O'Donnell then stopped the vehicle on Interstate 29 near the 17th Avenue overpass for having failed to signal when changing lanes. Officer O'Donnell

requested assistance, and Cass County Deputy Daniel Herman arrived and assisted O'Donnell at the scene of the stop on Interstate 29. As a result of the stop, Demars, who was operating the motor vehicle, was cited for driving under the influence in violation of N.D.C.C. § 39–08–01.

[¶ 4] Demars moved the district court to suppress the evidence against him, arguing Officer O'Donnell was outside of his geographical jurisdiction when he stopped Demars. In November 2006, the district court heard Demars's motion. At the hearing, the State presented testimony from Officer O'Donnell, Cass County Deputy Sheriff Daniel Herman, and West Fargo engineering assistant Christopher Brungardt.

[¶ 5] At the conclusion of the hearing, the district court denied Demars's motion to suppress the evidence. Demars entered a conditional guilty plea under N.D.R.Crim.P. 11, preserving his right to contest the district court's denial of his motion to suppress on appeal.

## II

[¶ 6] Demars argues the district court erred in denying his motion to suppress and dismiss by improperly taking judicial notice of the West Fargo police officer's geographical jurisdiction and by considering facts not in evidence to conclude Demars committed a traffic violation within the police officer's jurisdiction.

■ [¶ 7] Our standard of review for a district court's decision on a motion to suppress evidence is well-established. In *State v. Albaugh*, 2007 ND 86, ¶ 8, 732 N.W.2d 712, we stated:

> When reviewing a district court's ruling on a motion to suppress, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. *State v. Graf*, 2006 ND 196,

¶ 7, 721 N.W.2d 381. We recognize that the district court is in a superior position to assess the credibility of witnesses and weigh the evidence. *State v. Woinarowicz*, 2006 ND 179, ¶ 20, 720 N.W.2d 635 (citations omitted). Generally, a district court's decision to deny a motion to suppress will not be reversed if there is sufficient competent evidence capable of supporting the district court's findings, and if its decision is not contrary to the manifest weight of the evidence. *Id.* Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law. *Graf,* at ¶ 7.

*Albaugh,* at ¶ 8 (quoting *State v. Goebel,* 2007 ND 4, ¶ 11, 725 N.W.2d 578). In other words, we will reverse the district court's denial of a suppression motion where the decision lacks sufficient competent evidence fairly capable of supporting its findings, and the decision is contrary to the manifest weight of the evidence.

### III

[¶ 8] The dispositive issue in this case is whether sufficient competent evidence established the West Fargo police officer stopped Demars's vehicle within the officer's one and one-half mile geographical jurisdiction. The general rule is that a police officer acting outside of his jurisdiction is without official capacity and without official power to arrest. *State v. Littlewind,* 417 N.W.2d 361, 363 (N.D.1987).

[¶ 9] A city police officer's geographical jurisdiction is set forth in N.D.C.C. § 40–20–05, which states in part:

1. The chief of police shall perform such duties as shall be prescribed by the governing body for the preservation of the peace. The chief of police shall have the authority to administer oaths to police officers under the chief's supervision. *Within the city limits, and for a distance of one and one-half miles [2.41 kilometers] in all directions outside the city limits, the police officers and watchmen of the city shall perform the duties and exercise the powers of peace officers* as defined and prescribed by the laws of this state.

2. *A police officer in "hot pursuit" may continue beyond the one and one-half mile [2.41 kilometers] limit to make an arrest,* in obedience to a warrant or without a warrant under the conditions of section 29–06–15, whenever obtaining the aid of peace officers having jurisdiction beyond that limit would cause a delay permitting escape. As used in this subsection, "hot pursuit" means the immediate pursuit of a person who is endeavoring to avoid arrest.

(Emphasis added.)

[¶ 10] This Court has also recognized that city police officers have jurisdiction to stop vehicles and arrest individuals outside of their geographical jurisdiction when responding to requests from another law enforcement agency for aid and assistance. *See State v. Graven,* 530 N.W.2d 328, 330 (N.D.1995) (holding that although officer's observation and stop of the defendant's vehicle occurred outside of the officer's geographical jurisdiction, the officer still had jurisdiction where the officer was requested by a state trooper to stop the suspect's vehicle). *See also* N.D.C.C. § 44–08–20(3) (stating, "Peace officers employed by a law enforcement agency within the state have the power of a peace officer ... [w]hen responding to requests from other law enforcement agencies or officers for aid and assistance."); *Mead v. North Dakota Dep't of Transp.,* 1998 ND App 2, ¶ 12, 581 N.W.2d 145 (holding peace officer who responded to a request from another law enforcement agency for assistance had

authority to complete the investigation and make an arrest). There is no evidence Officer O'Donnell requested authorization to make an extra-territorial stop.

[¶ 11] An officer's authority to arrest also extends beyond the officer's geographical jurisdiction when in "hot pursuit" under N.D.C.C. § 40–20–05. *See, e.g., Littlewind,* 417 N.W.2d at 362. There is no evidence Officer O'Donnell activated his lights within his geographical jurisdiction.

[¶ 12] West Fargo engineering assistant Brungardt testified at the suppression hearing that he had worked there for ten years and had "become intimately knowledgeable of the city limit boundaries through review of the plats before they record it, by design of roadways on section lines and boundary streets, and through work with the DOT of the same roads." Brungardt testified regarding West Fargo's city limits, stating:

A This would be 17th Street from Seventh Avenue East south of 13th Avenue, then would be the extension as it goes along the backyards of these single family homes along what would be 17th Street East down to the Interstate, this center line Interstate right-of-way here. That would then—then it jogs back to the west to Ninth Street East and goes down the center line back of that section or line down here to 40th Avenue, which goes back to the west of the Sheyenne River called Sheyenne River Down, then north in the area of McMahon's Addition, back to the east down to the east drew line of the McMahon's Addition down to 52nd Avenue South. . . .

In response to questions from the court seeking to clarify West Fargo's boundary on the east side of the city, Brungardt testified:

THE WITNESS: It follows the center line of 17th Street is actually the quarter section line. When Ninth Street and 45th Street are the section lines, so this is mid-section.

THE COURT: And then the city limit boundary where it jogs back to the west approximately, it looks like a quarter mile there or thereabouts, on Interstate 94, is that on the north, south, mid-point or whereabouts, if you know?

THE WITNESS: It jogs back a half mile down the center line, right down the section line. The Interstate is slightly skewed, not quite following the center line.

. . . .

REDIRECT EXAMINATION BY MR. MARTENS:

Q. According to what you said earlier, Seventh Avenue;

A. Seventh Avenue East,—

Q. —is that correct?

A. —correct.

Q. Seventh Avenue. How far does the—the city limits, does that continue eastward along Seventh?

A. Eastward for a half mile to 45th Street.

[¶ 13] Although Brungardt had also prepared a map for the hearing, the district court did not allow the map into evidence, and instead only allowed the map to be used for demonstrative purposes during the hearing. Whether the map was properly excluded from evidence is not an issue presented for review. Based upon the engineer's testimony concerning West Fargo's eastern city limit, the district court made its own "calculations" regarding the officer's geographical jurisdiction extending one and one-half miles beyond West Fargo's city limits.

[¶ 14] In denying Demars's motion to suppress, the district court found:

[T]he evidence established that the city limits of the City of West Fargo extend on the east side of the city to a point on Interstate Highway 94, even with the section line, which is at the center line of 17th Street, I believe it is, in West Fargo.

The officer testified that he observed some weaving within the lane within one and a half mile distance to the east. That, as Mr. Light correctly notes, would not in and of itself be enough to stop the vehicle. However, that is not the only evidence and it's the totality of the circumstances that we have to look at to see if there is a reasonable and articulable suspicion for a stop of the vehicle.

The officer further testified that he observed the vehicle enter into the turn lane on the west side of the Interstate Highway 29, which again would be within the one and half mile limit and that it exited that turn lane without making a turn signal, again, *before he—that vehicle had crossed into the northbound or the west side and outside the one and a half mile limit.*

(Emphasis added.)

When Demars's attorney asked for clarification, the district court stated:

Well, I said that I could do the calculating, and the calculating as I understand it is if I know where the limit is on the east side, *I can calculate the limit—the one and a half mile limit. And my calculation is that the one and a half mile limit would be at the dividing line of the center of Interstate Highway 29.* . . . Since all the testimony here was that the offensive conduct occurred before the Interstate—that that—that line, then it happened within the one and a

half mile area. That is the basis for my ruling.

(Emphasis added.)

[¶ 15] The district court, in making its ruling, found that Officer O'Donnell's observation of "offensive conduct," i.e., the vehicle weaving within its lane and exiting and re-entering the Interstate 94 exit lane to Interstate 29 without using a turn signal, occurred before reaching the one and one-half mile limit of the officer's jurisdiction.[1] The court, however, made no finding that the officer initiated the stop of Demars's vehicle within this jurisdictional limit. *Cf. State v. Bachmeier,* 2007 ND 42, ¶ 10, 729 N.W.2d 141 (stating interaction with trooper for Fourth Amendment seizure purposes began when trooper activated his overhead lights and exerted some authority).

[¶ 16] In support of his motion to suppress, Demars submitted as an exhibit a transcript of the administrative hearing related to his arrest. During that hearing, Officer O'Donnell testified on direct examination by the hearing officer about his stop of Demars's vehicle:

Q. What did you do then?

A. Once it got off the exit ramp, it was going northbound, I stopped the vehicle and asked our dispatch center to get a hold of either Fargo or the highway patrol or Cass County because I was out of my jurisdiction a little bit.

Q. Okay. So what did you do though as far as—

A. I activated my red lights and stopped the vehicle. I made contact with the driver identified as Mr. DeMars [sic] and let him know I had stopped him for a traffic violation and asked for license, registration, and proof of insurance card.

---

1. The State does not argue on appeal and consequently we do not address the issue of

whether the officer could effect the stop under N.D.C.C. § 29–06–20.

Later, during cross-examination by Demars's attorney, Officer O'Donnell testified:

Q. All right. Now, why is it that you did, just for clarification, call for backup or call for units from Fargo?

A. To make sure that the testing and implied consent and everything was done in their jurisdiction.

Q. And also because you made the stop outside of your jurisdiction; correct?

A. The vehicle traveled—

Q. I am not asking that. Yes or no?

A. Yes.

Officer O'Donnell further testified on re-cross-examination:

Q. Can you testify here truthfully today in certain terms as to the distance between the end of your jurisdiction and where the stop was made?

A. No.

[¶ 17] Although the district court found that Officer O'Donnell's observations of the vehicle's weaving and traffic violation occurred within his geographical jurisdiction, there is no evidence establishing that the stop occurred within the officer's jurisdiction. There is also no testimony that Interstate 29 is on a section line. If the district court's findings based upon its own calculations are correct, Officer O'Donnell's initiation of the stop of Demars's vehicle was outside of his geographical jurisdiction. The district court, based upon its own calculation, stated that "the one and a half mile limit would be the dividing line of the center of Interstate Highway 29."

[¶ 18] At the suppression hearing, Officer O'Donnell testified that after he observed Demars's vehicle change lanes without signaling, he continued to follow:

A. We took the exit ramp, at the point we were northbound. I activated my red lights and stopped the vehicle.

Q. Okay. Do you remember how far you followed him onto Interstate 29?

A. When he finally stopped, he was near the 17th Avenue overpass.

[¶ 19] Although Deputy Herman also testified during the suppression hearing, his testimony only established that he had assisted Officer O'Donnell on Interstate 29, "south of 13th Avenue." During the hearing, both Officer O'Donnell and Deputy Herman were asked to place "X's" on a map where the vehicle had been pulled over on Interstate 29. This map was not admitted into evidence by the district court and was used only for demonstrative purposes. Therefore, for purposes of this Court's review, there is insufficient evidence to establish that the officer was actually within his jurisdiction when he initiated or completed the stop.

[¶ 20] The district court made no findings, nor is there evidence, of other circumstances which could support the officer's stop of the vehicle outside his jurisdiction. There is no evidence that Officer O'Donnell was in "hot pursuit" of the vehicle driven by Demars as that term is defined by N.D.C.C. § 40–20–05(2). Nor is there evidence that Officer O'Donnell was assisting other law enforcement officers at the time he stopped the vehicle. Rather, Officer O'Donnell testified at the suppression hearing that he "overheard" the dispatch regarding a possible intoxicated driver, and he requested assistance from other law enforcement after he had already made the stop.

[¶ 21] Because the district court did not find the stop of Demars's vehicle was within the West Fargo police officer's geographical jurisdiction, and there is no evidence the vehicle was stopped within the

geographical jurisdiction, we conclude sufficient competent evidence does not support the court's finding that the West Fargo police officer acted within his jurisdiction. We therefore conclude the district court erred in denying Demars's motion to suppress evidence. Because our conclusion is dispositive of the appeal, we do not address Demars's remaining argument, and we do not address the district court's finding about the location of the offensive conduct.

## IV

[¶ 22] The district court judgment is reversed and the case is remanded to allow Demars to withdraw his conditional plea.

[¶ 23] MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

VANDE WALLE, Chief Justice, dissenting.

[¶ 24] As the majority notes, in reviewing a district court's ruling on a motion to suppress, "we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance," citing *State v. Albaugh,* 2007 ND 86, ¶ 8, 732 N.W.2d 712. Applying this standard in this case I conclude there is sufficient evidence in the record to support the district court's finding that the West Fargo police officer acted within his jurisdiction. I would therefore affirm the judgment of the district court.

[¶ 25] DALE V. SANDSTROM, J., concur.