2007 ND 162

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Scott FASTEEN, Defendant and Appellant.**

No. 20070046.

Supreme Court of North Dakota.

Oct. 16, 2007.

Lloyd Clayton Suhr, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Jodi L. Colling, Dickson Law Office, Bismarck, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶1] Scott Fasteen appealed from a criminal judgment entered upon his conditional plea of guilty to driving under the influence of intoxicating liquor in violation of N.D.C.C. § 39–08–01. We affirm, concluding the district court did not err in denying Fasteen's suppression motion, because there was sufficient competent evidence to establish the arresting officer had a reasonable and articulable suspicion Fasteen had violated the law to justify a valid investigative stop.

I

[¶2] On November 5, 2006, a law enforcement officer patrolling on Highway 1804 clocked a pickup traveling 39 miles per hour in a 55 mile per hour zone. The officer followed the vehicle which was driven by Fasteen. When Fasteen turned left onto a side road without using his . turn signal, the officer stopped the vehicle. The officer ultimately performed field sobriety tests on Fasteen and then arrested him for driving under the influence. Fas-

teen was taken to the hospital for a blood alcohol test and was subsequently charged with driving under the influence.

[¶ 3] Fasteen moved to suppress "all the evidence in this matter," alleging the officer did not have a valid reason to stop his vehicle. The district court denied the motion and Fasteen then entered a conditional guilty plea under N.D.R.Crim.P. 11(a)(2), preserving his right to appeal the district court's denial of his motion to suppress.

## II

[¶ 4] In reviewing a district court's decision on a motion to suppress evidence, we defer to the district court's findings of fact and resolve conflicts in favor of affirmance. *State v. Demars,* 2007 ND 145, ¶ 7, 738 N.W.2d 486. Generally, a district court's decision to deny a motion to suppress will not be reversed if there is sufficient competent evidence capable of supporting the district court's findings, and if its decision is not contrary to the manifest weight of the evidence. *Id.* Questions of law, such as the ultimate conclusion of whether the facts support a reasonable and articulable suspicion for a valid investigative stop, are fully reviewable on appeal. *State v. Olson,* 2007 ND 40, ¶ 7, 729 N.W.2d 132.

[¶ 5] Fasteen asserts the arresting officer did not have a reasonable and articulable suspicion that Fasteen had violated the law to support the officer's investigative stop of Fasteen's vehicle. Fasteen asserts his failure to signal a left turn did not, under the circumstances, constitute a violation of the law and did not, therefore, constitute a ground upon which the officer could make a valid investigative stop.

[¶ 6] Unreasonable search and seizures are prohibited by the Fourth Amendment of the United States Constitu-

tion, applicable to the states through the Fourteenth Amendment, and by Article I, § 8 of the North Dakota Constitution. *State v. Seglen,* 2005 ND 124, ¶ 6, 700 N.W.2d 702. Warrantless searches are unreasonable unless they fall within a recognized exception to the requirement for a search warrant. *Id.* at ¶ 7. Under the doctrine announced by the United States Supreme Court in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), police may, in appropriate circumstances, detain an individual for investigative purposes when there is no probable cause to make an arrest if the police have a reasonable and articulable suspicion that criminal activity is afoot. *State v. Torkelsen,* 2006 ND 152, ¶ 11, 718 N.W.2d 22. For a valid investigative stop of a vehicle under the *Terry* doctrine, an officer must have a reasonable and articulable suspicion the motorist has violated or is violating the law. *Zimmerman v. North Dakota Dep't of Transp.,* 543 N.W.2d 479, 481 (N.D. 1996). Probable cause to believe a motorist has violated a traffic law renders the stop reasonable and the evidence obtained from the stop admissible. *State v. Loh,* 2000 ND 188, ¶ 5, 618 N.W.2d 477. Even minor traffic violations provide officers with the requisite grounds for conducting investigatory vehicle stops. *Id.* at ¶ 7.

[¶ 7] The arresting officer in this case made an investigative stop of Fasteen's vehicle after observing Fasteen make a left-hand turn without signaling. Under N.D.C.C. § 39–10–38:

1. No person may turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety without giving an appropriate signal in the manner hereinafter provided.

2. A signal of intention to turn or move right or left when required must be given continuously during not less

than the last one hundred feet [30.48 meters] traveled by the vehicle before turning.

 [¶ 8] Interpretation of a statute is a question of law fully reviewable on appeal. *State v. Jackson*, 2005 ND 137, ¶ 8, 701 N.W.2d 887. Our primary goal in statutory construction is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning. N.D.C.C. § 1–02–02; *Shiek v. North Dakota Workers Comp. Bureau*, 2002 ND 85, ¶ 12, 643 N.W.2d 721. When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. N.D.C.C. § 1–02–05. If, however, the statute is ambiguous or if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, a court may resort to extrinsic aids, such as legislative history, to interpret the statute. *Shiek*, 2002 ND 85, ¶ 12, 643 N.W.2d 721. A statute is ambiguous if it is susceptible to meanings that are different, but rational. *Amerada Hess Corp. v. State ex rel. Tax Comm'r*, 2005 ND 155, ¶ 12, 704 N.W.2d 8. We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted. *Id.*

[¶ 9] Fasteen urges us to interpret N.D.C.C. § 39–10–38(1) to permit a vehicle to turn left or right on a roadway without giving an appropriate signal if the turn can be made safely without signaling. Fasteen's interpretation would prohibit any right or left turn upon a roadway unless and until the turn could be made safely without giving an appropriate signal. That labored interpretation leads to the result of the statute not authorizing any

"signaled" turns. We presume the legislature did not intend such an absurd result.

 [¶ 10] While the statute is not a shining example of good draftsmanship, we, nevertheless, conclude the language is sufficiently clear to allow a reasonable interpretation which gives meaning to every word. We construe N.D.C.C. § 39–10–38(1) to mean that no person may turn a vehicle or move right or left upon a roadway without giving an appropriate signal and unless and until such turn or movement can be made with reasonable safety. Under N.D.C.C. § 39–10–38(2), the phrase "when required" refers to the giving of a signal as an intention to turn or move right or left "upon a roadway" as required under subsection (1). Under this interpretation of the statute, prior to executing a right or left turn upon a roadway, a driver must give an appropriate signal and must ascertain that the turn can be made with reasonable safety. This interpretation comports with prior cases in which we have applied N.D.C.C. § 39–10–38 to the particular facts of the case. *See Wolf v. Estate of Seright*, 1997 ND 240, ¶ 8, 573 N.W.2d 161 (driver has statutory duty to signal an intention to turn and failure to activate signal before passing a car is evidence of negligence); *Neset v. North Dakota State Highway Comm'r*, 388 N.W.2d 860, 862 n. 1 (N.D.1986) (failure to signal when turning off the roadway is a violation of N.D.C.C. § 39–10–38(1)).

[¶ 11] Here, the arresting officer made an investigative stop of Fasteen's vehicle after observing Fasteen violate N.D.C.C. § 39–10–38(1) by making a left turn without first giving an appropriate signal. We conclude the officer had the requisite grounds to make a valid investigative stop of Fasteen's vehicle, because Fasteen had violated the law by failing to signal his turn. We hold the district court's findings are supported by competent evidence and

its decision is not contrary to the manifest weight of the evidence.

### III

[¶ 12] We affirm the judgment.

[¶ 13] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.