# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

## 2019 ND 134

---

State of North Dakota,                                    Plaintiff and Appellee

v.

Brent Vigen,                                         Defendant and Appellant

---

No. 20180394

---

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Justice.

Conor Kennelly, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Danny L. Herbel, Bismarck, ND, for defendant and appellant.

**Jensen, Justice.**

[¶1]    Brent Vigen appeals from a criminal judgment entered after his conditional guilty plea to driving under the influence.  Vigen argues the district court erred in denying his motion to suppress after the court's finding that a modified implied consent advisory satisfied the requirements of N.D.C.C. § 39-20-01(3)(a). We reverse the judgment and remand for further proceedings to allow Vigen to withdraw his guilty plea.

I.

[¶2]    Vigen was arrested and charged with driving under the influence.  Vigen was read the then applicable implied consent advisory required by N.D.C.C. § 39-20-01(3)(a), but modified to omit the portion of the advisory that would have informed him of the consequences for refusing to submit to a urine test.  After Vigen was provided with the modified implied consent advisory, he was asked to perform a breath test.  Vigen consented to the breath test. The result of the breath test indicated Vigen had a blood alcohol content over the legal limit for driving.

[¶3]    Vigen moved the district court to suppress the results of his chemical breath test asserting that modification of the implied consent advisory required by N.D.C.C. § 39-20-01(3)(a) to omit the reference to a urine test requires exclusion of the result of the breath test from evidence under N.D.C.C. § 39-20-01(3)(b).  Following an evidentiary hearing, the court denied Vigen's motion and found the modified advisory satisfied N.D.C.C. § 39-20-01(3)(a).

[¶4]    Vigen entered a conditional plea of guilty to the charge of DUI, under N.D.R.Crim.P. 11(a)(2), reserving the right to appeal the district court's denial of his motion to suppress evidence.  The court approved the conditional plea of guilty and entered a judgment.  On appeal, Vigen argues the chemical test evidence is inadmissible under N.D.C.C. § 39-20-01(3)(b) because he was not provided with the

complete and specific implied consent advisory required by the then existing version of N.D.C.C. § 39-20-01(3)(a).

## II.

[¶5] "In reviewing a district court's decision on a motion to suppress evidence," this Court will "defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance." *State v. Graf*, 2006 ND 196, ¶ 7, 721 N.W.2d 381. This Court "will affirm a district court's decision on a motion to suppress if there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence." *Id.* "Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law." *State v. O'Connor*, 2016 ND 72, ¶ 6, 877 N.W.2d 312.

[¶6] "Any individual who operates a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this state is deemed to have given consent, and shall consent," to submit to chemical testing to determine alcohol concentration via blood, breath, or urine. N.D.C.C. § 39-20-01(1). At the time Vigen was arrested, through N.D.C.C. § 39-20-01(3)(a), the legislature required the following "implied consent advisory" be given to individuals prior to a request they submit to chemical testing:

> The law enforcement officer shall inform the individual charged that North Dakota law requires the individual to take a chemical test to determine whether the individual is under the influence of alcohol or drugs and that refusal of the individual to submit to a test directed by the law enforcement officer may result in a revocation of the individual's driving privileges for a minimum of one hundred eighty days and up to three years. In addition, the law enforcement officer shall inform the individual refusal to take a breath or urine test is a crime punishable in the same manner as driving under the influence. If the officer requests the individual to submit to a blood test, the officer may not inform the individual of any criminal penalties until the officer has first secured a search warrant.

[¶7] We have recognized N.D.C.C. § 39-20-01(3)(a), requires specific information be communicated by law enforcement when requesting an individual arrested for

driving under the influence submit to chemical testing. *LeClair v. Sorel*, 2018 ND 255, ¶ 9, 920 N.W.2d 306. Law enforcement is required to read the "complete implied consent advisory before administering" a chemical test. *O'Connor*, 2016 ND 72, ¶ 1, 877 N.W.2d 312. For an advisory to be considered "complete," all substantive information in the statute must be communicated to the individual. *LeClair*, at ¶ 9.

[¶8] The legislature also provided an exclusionary rule through N.D.C.C. § 39-20-01(3)(b), that at the time read as follows:

> A test administered under this section is not admissible in any criminal or administrative proceeding to determine a violation of section 39-08-01 or this chapter if the law enforcement officer fails to inform the individual charged as required under subdivision a.

[¶9] The consequence of an officer's failure to convey the required information is exclusion of the test results." *LeClair*, 2018 ND 255, ¶ 9, 920 N.W.2d 306; *see also* N.D.C.C. § 39-20-01(3)(b).

[¶10] The following modified advisory was communicated to Vigen subsequent to his arrest:

> I must inform you that North Dakota law requires you to take a chemical breath test to determine whether you are under the influence of alcohol or drugs. Refusal to take a chemical breath test may result in the revocation of your driving privileges for a minimum of 180 days and up to three years. I must also inform you that refusal to take a chemical breath test is a crime punishable in the same manner as driving under the influence.

[¶11] The State concedes the implied consent advisory given to Vigen was modified to exclude the reference to urine included within N.D.C.C. § 39-20-01(3)(a). The State argues that the omission of the reference to urine was appropriate because this Court held the warrantless collection of urine for testing is unconstitutional absent a recognized exception to the requirement for a warrant, that the substantive information required by N.D.C.C. § 39-20-01(3)(a) was conveyed, and that the subsequent request for chemical testing was for Vigen to submit to a breath test (not a urine test). *State v. Helm*, 2017 ND 207, ¶ 1, 901 N.W.2d 57 (determining that the

collection of urine without a warrant, or an exception to the requirement to obtain a warrant, is an impermissible search). Vigen asserts the modification resulted in an incomplete advisory, failed to convey the substantive information required by N.D.C.C. § 39-20-01(3)(a), and renders the evidence obtained via the breath test inadmissable under N.D.C.C. § 39-20-01(3)(b).

[¶12] This is not the first time this Court has been called upon to determine if a modification of the implied consent advisory required by the legislature in N.D.C.C. § 39-20-01(3)(a), in response to a prior judicial decision, resulted in a substantively deficient advisory that must be excluded from evidence under N.D.C.C. § 39-20-01(3)(b). *Schoon v. North Dakota Dep't of Transp.*, 2018 ND 210, ¶ 4, 917 N.W.2d 199. In *Schoon*, this Court held the omission of language informing the driver that the refusal of a blood test was punishable as a crime rendered the implied consent advisory incomplete and required exclusion of the subsequent blood test under N.D.C.C. § 39-20-01(3)(b). *Id.* at ¶ 25.

[¶13] *Schoon* involved application of N.D.C.C. § 39-20-01(3)(a) subsequent to the United States Supreme Court's decision in *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016). In *Birchfield*, the United States Supreme Court determined that obtaining a blood sample without a warrant, or a recognizable exception to the necessity for a warrant, was an impermissible search. The *Birchfield* decision also recognized "that motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." *Schoon*, 2018 ND 210, ¶ 14, 917 N.W.2d 199 (quoting *Birchfield*, 136 S.Ct. at 2186). In *Schoon,* the advisory had been modified by the arresting officer to omit the language that informed the driver that refusal to submit to a blood test was a crime. *Schoon*, at ¶ 4. The modification was made in an attempt to eliminate the coercive nature of the advisory when requesting a blood test and in response the holding in *Birchfield* that a driver cannot be deemed to have consented to a warrantless blood test after being informed that refusal would be a criminal offense. *Schoon*, at ¶¶ 2, 11. After receiving the modified implied consent

4

advisory, Schoon was asked to submit to, and he consented to, a blood test. *Id.* at ¶¶ 2-3.

[¶14]   In *Schoon*, we determined a substantive modification of the advisory provided by N.D.C.C. § 39-20-01(3)(a) rendered the advisory incomplete. 2018 ND 210, ¶ 12, 917 N.W.2d 199.  In coming to our decision, this Court held that the admissibility requirement in N.D.C.C. § 39-20-01(3)(b) is not conditioned on whether the advisory was accurate in stating the law or whether the advisory accurately communicated the consequences of the choices available. *Id.* at ¶ 20.  Section 39-20-01(3)(b), N.D.C.C., expressly conditions the admissibility of a chemical test on whether the officer informed the driver of the contents of N.D.C.C. § 39-20-01(3)(a). *Id.*  Although the omitted language of the required implied consent advisory in this case differs from the omitted language of the advisory in *Schoon*, both omissions were substantive.  In turn, the omission of substantive language compels the same result as *Schoon*; Vigen was not fully informed on the contents of N.D.C.C. § 39-20-01(3)(a), and any evidence obtained as a result of the breath test is therefore inadmissable under N.D.C.C. § 39-20-01(3)(b).

[¶15]   This Court has allowed law enforcement to deviate from a verbatim reading of the statutory language of N.D.C.C. § 39-20-01(3)(a), as long as the advisory communicates all the substantive information of the statute. *See LeClair*, 2018 ND 255, ¶ 7, 920 N.W.2d 306.  In *LeClair*, a law enforcement officer omitted the word "punishable" from the advisory he gave to an individual suspected of driving under the influence. *Id.* at ¶ 10.  Because the driver was informed that refusal to take the test was a crime, it was presumed the driver understood that refusal was also punishable. *Id.* at ¶ 13.  In turn, the entire substance of the advisory mandated by the legislature had been conveyed and the test result was admissible. *Id.* at ¶ 14.

[¶16]   The omitted language before this Court is distinguishable from the language omitted in *LeClair*.  In *LeClair*, an omission of the word "punishable" did not render the advisory incomplete because the description of a refusal to take the test as a "crime" also communicated the refusal was punishable.  Here, the omission of

5

language discussing a urine test cannot be rectified by any other language contained in the statute. Vigen was not informed the refusal to take a urine test was a crime punishable in the same manner as driving under the influence as required by the legislature.

### III.

[¶17]   The informed consent advisory given to Vigen did not comply with N.D.C.C. § 39-20-01(3)(a), and the breath test is therefore inadmissable under N.D.C.C. § 39-20-01(3)(b).   We reverse the district court's judgment and remand for further proceedings to allow Vigen to withdraw his guilty plea.

[¶18]   Jon J. Jensen
Jerod E. Tufte
Daniel J. Crothers


**VandeWalle, Chief Justice, dissenting.**

[¶19]   I dissent.  For the reasons stated in my dissent in *Schoon v. N.D. Dep't of Transportation*, 2018 ND 210, 917 N.W.2d 199, I would affirm the district court judgment in this case.

[¶20]   Gerald W. VandeWalle, C.J.
Lisa Fair McEvers


**McEvers, Justice, dissenting.**

[¶21]   I respectfully dissent.  For the reasons stated in my dissent in *State v. Bohe*, 2018 ND 216, 917 N.W.2d 497, I would affirm the district court judgment.  I am still of the opinion that the legislature did not intend for law enforcement to provide misinformation to a driver.

[¶22]   Lisa Fair McEvers
Gerald W. VandeWalle, C.J.

6