# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 151

City of Dickinson,                                    Plaintiff and Appellee

v.

Kalden Vaagen,                                        Defendant and Appellant

No. 20190053

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

REVERSED AND REMANDED.

Per Curiam.

Christina M. Wenko, Dickinson, ND, for plaintiff and appellee; submitted on brief.

Danny L. Herbel, Bismarck, ND, for defendant and appellant; submitted on brief.

**City of Dickinson v. Vaagen**

**No. 20190053**

**Per Curiam.**

[¶1]    Kalden Vaagen appeals from a criminal judgment finding him guilty of driving under the influence.  At the time of Vaagen's arrest, the arresting officer read Vaagen North Dakota's implied consent advisory which informed Vaagen that refusal to take a chemical breath test is a crime punishable in the same manner as driving under the influence, but omitted the portion of the advisory regarding the punishment associated with refusal to submit to a urine test.  Vaagen submitted to a chemical breath test.

[¶2]    Vaagen argues the district court erred by denying his motion to suppress the chemical test records and results because the arresting officer failed to inform Vaagen of a complete and specific implied consent advisory under N.D.C.C. § 39-20-01(3)(a). We agree, concluding *State v. Vigen*, 2019 ND 134, ¶ 14, is dispositive of this appeal. We summarily reverse and remand the district court's judgment under N.D.R.App.P. 35.1(b), concluding the arresting officer failed to fully inform Vaagen of the contents of N.D.C.C. § 39-20-01(3)(a).  *See Vigen*, at ¶ 14 (omission of the portion of the implied consent advisory that informs arrestees of the consequences for refusing to submit to a urine test is a failure to fully inform the arrestee of the contents of N.D.C.C. § 39-20-01(3)(a) and therefore any evidence obtained as a result of the breath test is inadmissable under N.D.C.C. § 39-20-01(3)(b)).

[¶3]    Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen

**McEvers, Justice, dissenting.**

[¶4]    I respectfully dissent.  For the reasons stated in my dissent in *State v. Bohe*, 2018 ND 216, 917 N.W.2d 497, I would affirm the district court judgment.  I am still of the opinion that the legislature did not intend for law enforcement to provide misinformation to a driver.

1

[¶5]    Lisa Fair McEvers

**VandeWalle, Chief Justice, dissenting.**

[¶6]    I dissent.  For the reasons stated in my dissent in *Schoon v. N.D. Dep't of Transportation*, 2018 ND 210, 917 N.W.2d 199, I would affirm the district court judgment in this case.

[¶7]    Gerald W. VandeWalle, C.J.