Tufte, Justice.
[¶1] Melanie Vagts appeals from a criminal judgment entered after the district court denied her motion to suppress evidence and she conditionally pled guilty to a charge of actual physical control of a motor vehicle while under the influence of alcohol. We conclude law enforcement officers' encounter with Vagts was not an illegal search and seizure, but an officer's implied consent advisory did not substantively comply with the statutory requirements of N.D.C.C. § 39-20-01(3)(a) and the results of her breath test are not admissible under N.D.C.C. § 39-20-01(3)(b). We reverse and remand to allow Vagts to withdraw her conditional guilty plea.
I
[¶2] In August 2018, the City of Bismarck charged Vagts with actual physical control of a motor vehicle while under the influence of alcohol. According to Bismarck Police Officer Adam Baker, he encountered Vagts in the driver's seat of a parked *525 vehicle while responding to a fellow officer's report of a vehicle being driven erratically. According to Officer Baker, he observed two occupants in a parked vehicle matching the fellow officer's description of the erratically driven vehicle, he parked his squad car a car length behind the vehicle without activating his overhead lights, and he observed keys being thrown out of the passenger's side window. Officer Baker testified the passenger window of the parked vehicle was open, he heard loud music coming from the vehicle, and he could smell the odor of alcohol coming from the vehicle. According to Officer Baker, he asked the occupants to turn the music down and began speaking with them. Officer Baker testified he asked the occupant of the driver's seat, later identified as Vagts, to get out of the vehicle. Officer Baker testified that when Vagts got out of the car, he could smell alcohol coming from her as he talked to her, her speech was a "little bit" slurred, and she had red, bloodshot eyes. According to Officer Baker, Vagts repeatedly denied driving the vehicle and refused to consent to field sobriety tests. Officer Baker testified he arrested Vagts and read her the Miranda warning and language from the implied consent advisory in N.D.C.C. § 39-20-01(3)(a), which the prosecution stipulated omitted the phrases "directed by the law enforcement officer" and "a crime." Vagts submitted to a chemical test indicating her blood-alcohol level was above the legal limit, and she was charged with actual physical control of a motor vehicle while under the influence.
[¶3] Vagts moved to suppress evidence, claiming that Officer Baker's initial encounter with her violated her state and federal constitutional rights to be free from unreasonable searches and seizures and that Officer Baker failed to comply with the statutory implied consent advisory in N.D.C.C. § 39-20-01(3)(a). After an evidentiary hearing, the district court denied Vagts' motion to suppress. The court determined that law enforcement officers' encounter with Vagts did not violate her constitutional rights and that Officer Baker provided a substantively complete statutory implied consent advisory under N.D.C.C. § 39-20-01(3)(a). Vagts then entered a conditional guilty plea to the charge.
II
[¶4] We have described our standard of review of a district court decision on a motion to suppress:
[W]e defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We will affirm a district court's decision on a motion to suppress if there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. Our standard of review recognizes the importance of the district court's opportunity to observe the witnesses and assess their credibility. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.
State v. Bohe , 2018 ND 216, ¶ 9, 917 N.W.2d 497 (quoting State v. Hawkins , 2017 ND 172, ¶ 6, 898 N.W.2d 446 ).
III
[¶5] Vagts argues that Officer Baker illegally seized her in the parked vehicle in violation of her constitutional right to be free from unreasonable searches and seizures and that all evidence obtained after that seizure must be suppressed. She claims Officer Baker did not have a reasonable and articulable suspicion that she had violated the law when he ordered her *526 to turn down the music and exit the vehicle.
[¶6] The Fourth Amendment to the United States Constitution and N.D. Const. art. I, § 8, prohibit unreasonable searches and seizures. State v. Reis , 2014 ND 30, ¶ 10, 842 N.W.2d 845 ; Richter v. N.D. Dep't of Transp. , 2010 ND 150, ¶ 9, 786 N.W.2d 716 ; Abernathey v. N.D. Dep't of Transp. , 2009 ND 122, ¶ 8, 768 N.W.2d 485. Not all encounters between law enforcement officers and citizens constitute seizures. Reis , at ¶ 10 ; Richter , at ¶ 9 ; Abernathey , at ¶ 8. "A seizure does not occur simply because a law enforcement officer questions a person, and as long as reasonable persons would feel free to disregard the officer and go about their business, the encounter is consensual and a reasonable suspicion of criminal activity is not required." Reis , at ¶ 10 (quoting State v. Guscette , 2004 ND 71, ¶ 8, 678 N.W.2d 126 ). A seizure requires an officer to in some way restrain an individual's liberty by physical force or show of authority. Reis , at ¶ 10.
[¶7] In Abernathey , 2009 ND 122, ¶ 8, 768 N.W.2d 485 (quoting State v. Franklin , 524 N.W.2d 603, 604 (N.D. 1994) ), we explained the "law distinguishes between the approach of an already stopped vehicle and the stop of a moving one." An "officer's approach of a parked vehicle is not a seizure if the officer 'inquires of the occupant in a conversational manner, does not order the person to do something, and does not demand a response.' " Richter , 2010 ND 150, ¶ 10, 786 N.W.2d 716 (quoting City of Jamestown v. Jerome , 2002 ND 34, ¶ 5, 639 N.W.2d 478 ). However, "[a] 'casual encounter' may also lead to a seizure where 'an officer ... learn[s] something during a ... casual encounter that leads to a reasonable suspicion and that reasonably justifies further investigation, a seizure, or even an arrest.' " Richter , at ¶ 10 (quoting State v. Langseth , 492 N.W.2d 298, 300 (N.D. 1992) ).
[¶8] Relying on the rationale from Abernathey , 2009 ND 122, 768 N.W.2d 485, the district court determined a Fourth Amendment seizure did not occur when Officer Baker approached the stopped vehicle, asked the occupants to turn down the radio, and asked Vagts to exit the vehicle. The court found Officer Baker did not "order" the vehicle occupants to turn down the music, or "order" Vagts to exit the vehicle, and his requests were not a seizure. Testimony at the suppression hearing supports the court's findings. The district court's findings are supported by sufficient competent evidence, and the court's decision is not contrary to the manifest weight of the evidence. We conclude the court did not err in denying Vagts' motion to suppress all evidence obtained as a result of that encounter.
IV
[¶9] Vagts argues Officer Baker failed to comply with the statutory implied consent advisory in N.D.C.C. § 39-20-01(3)(a) and as a result her chemical breath test is inadmissible under N.D.C.C. § 39-20-01(3)(b) and State v. O'Connor , 2016 ND 72, 877 N.W.2d 312.
[¶10] Under N.D.C.C. § 39-20-01, when an individual is placed under arrest for driving under the influence of alcohol or drugs, a law enforcement officer is authorized to request the individual submit to a chemical test of the individual's blood, breath, or urine. Bohe , 2018 ND 216, ¶ 10, 917 N.W.2d 497. "The law enforcement officer shall determine which of the tests is to be used." N.D.C.C. § 39-20-01(2). Under N.D.C.C. § 39-20-02, an "individual tested may have an individual of the individual's choosing, who is medically qualified to draw blood, administer a chemical test or *527 tests in addition to any administered at the direction of a law enforcement officer with all costs of an additional test or tests to be the sole responsibility of the individual charged."
[¶11] At the time of Vagts' arrest, the implied consent advisory in N.D.C.C. § 39-20-01(3)(a)[1] provided:
The law enforcement officer shall inform the individual charged that North Dakota law requires the individual to take a chemical test to determine whether the individual is under the influence of alcohol or drugs and that refusal of the individual to submit to a test directed by the law enforcement officer may result in a revocation of the individual's driving privileges for a minimum of one hundred eighty days and up to three years. In addition, the law enforcement officer shall inform the individual refusal to take a breath or urine test is a crime punishable in the same manner as driving under the influence. If the officer requests the individual to submit to a blood test, the officer may not inform the individual of any criminal penalties until the officer has first secured a search warrant.
At the time of Vagts' arrest, N.D.C.C. § 39-20-01(3)(b) stated, "A test administered under this section is not admissible in any criminal or administrative proceeding to determine a violation of section 39-08-01 or this chapter if the law enforcement officer fails to inform the individual charged as required under" N.D.C.C. § 39-20-01(3)(a).
[¶12] The parties agree the advisory given by Officer Baker omitted the phrases "directed by the law enforcement officer" and "a crime" under the applicable language of N.D.C.C. § 39-20-01(3)(a).
[¶13] The district court decided Officer Baker's failure to strictly comply with the implied consent advisory in N.D.C.C. § 39-20-01(3)(a) did not render the results of her breath test inadmissible. The court said the omission of the phrase "directed by the law enforcement officer" did not substantively change the advisory or mislead Vagts because a reference to law enforcement officers was made at the beginning and end of the advisory and the context of the advisory conveyed that the request for a chemical test was by a law enforcement officer. The court also decided the omission of the word "crime" was not fatal to the advisory because other words in the advisory communicated that failure to take a test was punishable in the same manner as the crime of driving under the influence.
[¶14] We have recently considered issues involving compliance with the implied consent advisory language in N.D.C.C. § 39-20-01(3). See State v. Vigen , 2019 ND 134, 927 N.W.2d 430 ; State v. Dowdy , 2019 ND 50, 923 N.W.2d 109 ; City of Grand Forks v. Barendt , 2018 ND 272, 920 N.W.2d 735 ; LeClair v. Sorel , 2018 ND 255, 920 N.W.2d 306 ;
*528 Korb v. N.D. Dep't of Transp. , 2018 ND 226, 918 N.W.2d 49 ; Bohe , 2018 ND 216, 917 N.W.2d 497 ; Schoon v. N.D. Dep't of Transp. , 2018 ND 210, 917 N.W.2d 199 ; O'Connor , 2016 ND 72, 877 N.W.2d 312.
[¶15] In O'Connor , 2016 ND 72, ¶¶ 8, 14, 877 N.W.2d 312, we held an Intoxilyzer test result was inadmissible in a criminal proceeding for driving under the influence because a law enforcement officer gave O'Connor an incomplete advisory by failing to advise him that refusal to take the chemical test is a crime punishable in the same manner as driving under the influence. The State claimed O'Connor voluntarily consented to the test and the result of the test was admissible in the prosecution. Id. at ¶ 12. We explained the legislature had made chemical test results inadmissible under the plain and unambiguous language of N.D.C.C. § 39-20-01(3)(b) unless the statutory advisory requirements of N.D.C.C. § 39-20-01(3)(a) had been fulfilled, regardless of an individual's "voluntary consent" to the test. O'Connor , at ¶¶ 12-14.
[¶16] In LeClair , 2018 ND 255, ¶ 7, 920 N.W.2d 306, a majority of this Court held a law enforcement officer's implied consent advisory was substantively complete despite not including every word of the statutory language of N.D.C.C. § 39-20-01(3)(a). In that case, the officer's advisory failed to include the word "punishable" in the phrase "a crime punishable in the same manner as driving under the influence." LeClair , at ¶ 3. The majority explained the preferred approach for cases involving the implied consent advisory was to use the language of N.D.C.C. § 39-20-01(3)(a), but an advisory was deficient only for substantive omissions. LeClair , at ¶ 11. The majority concluded that the advisory in that case was substantively complete and complied with the requirements of N.D.C.C. § 39-20-01(3)(a) and that the results of the breath test were admissible. LeClair , at ¶¶ 7, 10-14. Under LeClair , an officer's recitation of the statutory advisory must convey all substantive information of the mandatory advisory for a test result to be admissible.
[¶17] Here, the issue is whether an implied consent advisory may be substantively complete despite the omission of the phrases "directed by the law enforcement officer" and "a crime." We conclude the officer's omission of the phrase "directed by the law enforcement officer" was a substantive omission and did not comply with the statutory requirements for the implied consent advisory. We need not consider whether omission of the words "a crime" was also a substantive omission.
[¶18] Under N.D.C.C. § 39-20-01(2), "[t]he law enforcement officer shall determine which of the tests is to be used." Under N.D.C.C. § 39-20-02, an individual tested may have an additional test administered in addition to any test administered at the direction of a law enforcement officer. The omission of the phrase "directed by the law enforcement officer" does not accurately inform the individual charged that the law enforcement officer determines which chemical test shall be taken. The omission creates uncertainty about whether the individual charged may pick the test the individual must take, which is contrary to the specific language of N.D.C.C. § 39-20-01(2) that the "officer shall determine which of the tests is to be used." The omission also creates uncertainty regarding the juxtaposition of the test directed by the law enforcement officer and the individual's opportunity for an additional test. In contrast to the test directed by the law enforcement officer, the type of test as well as the location and provider are chosen by the individual seeking an additional test. We conclude that the advisory given in this case did not substantively comply with the statutory requirement *529 that the individual charged must take a chemical test "directed by the law enforcement officer" and that the result of a subsequent breath test is inadmissible under the applicable language of N.D.C.C. § 39-20-01(3)(b).
[¶19] Because we conclude the omission of that phrase did not comply with the statutory requirement, we do not consider whether the omission of the phrase "a crime" substantively complied with the statutory requirements of N.D.C.C. § 39-20-01(3)(a).
[¶20] We conclude the implied consent advisory given to Vagts did not substantively comply with N.D.C.C. § 39-20-01(3)(a) and the result of her breath test is inadmissible under N.D.C.C. § 39-20-01(3)(b).
V
[¶21] We reverse the district court judgment and remand for further proceedings to allow Vagts to withdraw her guilty plea.
[¶22] Jerod E. Tufte
Daniel J. Crothers
Jon J. Jensen
Lisa Fair McEvers
VandeWalle, Chief Justice, concurring specially.
[¶23] I concur with the majority opinion, except as to part IV with which I concur only in the result. I believe the failure to inform Vagts that refusal to submit to the breath test is a crime is covered by the settled law in State v. O'Connor , 2016 ND 72, 877 N.W.2d 312, and I would resolve the issue on that basis and reverse.
[¶24] Gerald W. VandeWalle, C.J.

Section 39-20-01(3), N.D.C.C., was amended by 2019 N.D. Sess. Laws ch. 322, § 3, and now provides:
a. The law enforcement officer shall inform the individual North Dakota law requires the individual to take a chemical test to determine whether the individual is under the influence of alcohol or drugs and refusal of the individual to submit to a test directed by the law enforcement officer may result in a revocation of the individual's driving privileges for a minimum of one hundred eighty days and up to three years.
b. If an individual refuses to submit to testing under this section, proof of the refusal is not admissible in any administrative proceeding under this chapter if the law enforcement officer fails to inform the individual as required under subdivision a.