# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2020 ND 120

State of North Dakota,                                      Plaintiff and Appellee

     v.

Anthony Washington,                                      Defendant and Appellant

No. 20190320

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Ladd R. Erickson, State's Attorney, Washburn, ND, for plaintiff and appellee; submitted on brief.

Steven Balaban, Bismarck, ND, for defendant and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Anthony Washington appeals from the judgment of the district court entered following Washington's conditional guilty pleas to fleeing from a law enforcement officer and preventing arrest.  Washington argues the court erred in denying his motion to suppress evidence because his arrest was illegal.  We affirm.

I

[¶2]   Washington was stopped for speeding.  During the traffic stop, at the request of the officer, Washington produced a Michigan driver's license.  While producing his driver's license Washington informed the officer his license had recently been reinstated, explained the Michigan records may not have been up-to-date, and noted the records may not reflect the reinstatement of his license.

[¶3]   The officer returned to his vehicle with Washington's driver's license.  The officer initiated contact with his dispatcher to confirm the status of Washington's driver's license.  The dispatcher was unable to confirm the status of Washington's driving privileges.  The officer then initiated contact with a second law enforcement resource to confirm the status of Washington's driver's license and was informed Washington's driving privileges were under suspension.

[¶4]   After being informed Washington's driving privileges were under suspension, the officer returned to Washington's vehicle to place him under arrest for driving with a suspended license.  Washington again tried to explain his belief his license was valid.  After an unsuccessful attempt to convince the officer his license was valid, Washington fled the scene.  Washington was apprehended and charged with several offenses, including fleeing from the officer and preventing arrest.

[¶5]   Washington moved to suppress evidence from and after the traffic stop asserting he had justifiably fled from an illegal arrest because his license was valid.  The court denied his request and informed Washington the validity of the arrest was a defense he could assert at trial.  Washington subsequently entered conditional pleas to the charges of fleeing an officer and preventing arrest.  The remaining charges were dismissed.  Washington's conditional pleas of guilty preserved his right to withdraw his pleas of guilty if he were to prevail on this appeal.

[¶6]   Washington does not contest the traffic stop.  On appeal, Washington argues he was illegally arrested because he had a valid driver's license at the time of the stop and he contends the evidence gathered as the result of the illegal arrest should be suppressed.

II

[¶7]   When reviewing a district court's decision on a motion to suppress evidence, this Court will defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. *State v. Vigen*, 2019 ND 134, ¶ 5, 927 N.W.2d 430.  A district court's decision on a motion to suppress will be affirmed if there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. *Id*.  Any questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law. *Id*.

[¶8]   Washington's argument is dependent on his assertion that his arrest for driving under suspension was unlawful because he held a valid Michigan driver's license at the time of the traffic stop. First, other than his own assertion that he held a valid Michigan driver's license, at the time of the hearing on the motion to suppress there was nothing in the record to contradict the evidence provided by the State that the officer was informed Washington's license was under suspension at the time of the traffic stop. We defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. Even if there was conflicting evidence regarding the status of Washington's license, there is sufficient competent evidence fairly capable of

supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence.

[¶9]   Second, we have previously recognized the exclusion of evidence is not the proper remedy when law enforcement acts in good faith upon objectively reasonable reliance on information indicating an arrest would be appropriate. *State v. Marcum*, 2020 ND 50, ¶ 18, 939 N.W.2d 840 (exclusion of evidence is not the proper remedy when law enforcement acts in good faith upon objectively reasonable reliance that a warrant was properly issued); *State v. Barth*, 2001 ND 201, ¶ 15, 637 N.W.2d 369 (officer was acting "in good faith under color of law," NDCC § 29-06-15, executing a warrantless arrest for driving with a suspended license in the presence of the officer after receiving confirmation through the state radio service the driver's license was suspended). Here, the officer initially tried to confirm the status of Washington's driver's license through his own dispatch without success and then initiated contact with a second source which indicated Washington did not have a valid license. Even if Washington could establish he had a valid license at the time of the traffic stop, because the officer acted in good faith upon objectively reasonable reliance on information indicating an arrest would be appropriate, the exclusion of evidence is not appropriate.

## III

[¶10]   The district court did not err in denying the motion to suppress evidence. We affirm the judgment of the district court.

[¶11]  Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Lisa Fair McEvers
      Jerod E. Tufte

      I concur in the result.
      Daniel J. Crothers