# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 144

State of North Dakota,                                        Plaintiff and Appellee

     v.

Austin Michael Pouliot,                                   Defendant and Appellant

### No. 20200060

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Mindy L. Anderson, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Chad R. McCabe, Bismarck, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Austin Pouliot appeals from a criminal judgment entered following his conditional guilty plea to the charge of driving under the influence. Pouliot preserved his right to challenge the denial of his motion seeking to exclude from evidence the results of a chemical test.  Pouliot contends that the results should be excluded from evidence pursuant to N.D.C.C. § 39-20-01(b) because law enforcement failed to properly administer the chemical test when the arresting officer who read the post-arrest implied consent warning was not the officer who conducted the testing.  We affirm.

I

[¶2]   On September 22, 2019, Pouliot was arrested for driving under the influence.  The arresting officer provided Pouliot with a post-arrest implied consent advisory and Pouliot agreed to submit to a chemical breath test.  Pouliot was subsequently transported to the law enforcement center where a second deputy administered an Intoxilyzer 8000 chemical test without repeating the post-arrest implied consent advisory to Pouliot.

[¶3]   On December 13, 2019, Pouliot moved to exclude the chemical test results from evidence, contending N.D.C.C. § 39-20-01(a) requires the officer who provides the implied consent advisory to a driver to also be the officer who administers the chemical test.  The district court dismissed Pouliot's motion after determining that N.D.C.C. § 39-20-01(a) does not require the officer who provides the driver with the implied consent advisory to be the same officer who administers the chemical test.

[¶4]   On January 30, 2020, Pouliot entered a conditional guilty plea to the charge of DUI-.16 or Greater, a class B misdemeanor, in violation of N.D.C.C. § 39-08-01, reserving his right to appeal the district court's order denying his motion to exclude the chemical test results.  Pouliot appeals, arguing the court abused its discretion through a misapplication of the law by dismissing his motion to exclude the result of the chemical test.

1

[¶5] Pouliot asserts N.D.C.C. § 39-20-01(a) requires the officer who provides a driver with the implied consent advisory to also be the officer that administers the chemical test. Pouliot asserts that the remedy for the failure to follow N.D.C.C. § 39-20-01(a) is the exclusion of the test result from evidence under N.D.C.C. § 39-20-01(b).

[¶6] "When reviewing a district court's decision on a motion to suppress evidence, this Court will defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance." *State v. Washington*, 2020 ND 120, ¶ 7 (citing *State v. Vigen*, 2019 ND 134, ¶ 5, 927 N.W.2d 430). "A district court's decision on a motion to suppress will be affirmed if there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence." *Id.* "Any questions of law are fully reviewable on appeal." *Id.*

[¶7] The remedy for law enforcement's failure to follow the required procedure outlined in N.D.C.C. § 39-20-01(a) is provided within N.D.C.C. § 39-20-01(3)(b). The State argues that the 2019 amendment to N.D.C.C. § 39-20-01(3)(b) precludes Pouliot's requested remedy in criminal proceedings. Whether the remedy requested by Pouliot is available under N.D.C.C. § 39-20-01(3)(b) in a criminal proceeding is a question of law.

[¶8] In 2015, the Legislature amended N.D.C.C. § 39-20-01(3)(b) to read as follows:

> b. A test administered under this section is not admissible in any criminal or administrative proceeding to determine a violation of section 39-08-01 or this chapter if the law enforcement officer fails to inform the individual charged as required under subdivision a.

[¶9] This Court recognized N.D.C.C. § 39-20-01(3)(b) created a statutory rule for the exclusion of evidence when a law enforcement officer fails to follow the procedure provided within N.D.C.C. § 39-20-01(3)(a). *State v. O'Connor*, 2016 ND 72, ¶ 11, 877 N.W.2d 312. In *O'Connor*, we concluded that under the 2015 version of N.D.C.C. § 39-20-01(3)(b), if an officer failed to provide a driver with

the implied consent advisory before administering the chemical test, the chemical test was not admissible in a criminal or administrative proceeding. *Id.* Pouliot argues N.D.C.C. § 39-20-01(3)(a) does not just require the implied consent advisory to be provided before the chemical testing occurs, but also requires the officer who provides the implied consent advisory to be the officer who administers the chemical test.

[¶10] In 2019, the Legislature once again amended N.D.C.C. § 39-20-01(3)(b), which became effective August, 1, 2019, to read as follows:

> b. If an individual refuses to submit to testing under this section, proof of the refusal is not admissible in any administrative proceeding under this chapter if the law enforcement officer fails to inform the individual as required under subdivision a.

[¶11] The 2019 amendment significantly limits the scope of the exclusion of evidence to "proof of the refusal" in an "administrative proceeding." "When the legislature amends an existing statute, it indicates its intent to change the statute's meaning in accord with its new terms." *State v. Beilke*, 489 N.W.2d 589, 592-93 (N.D. 1992). "The legislature is presumed to act with purpose and not perform useless acts." *Id*. The legislature's amendment of N.D.C.C. § 39-20-01(b) unambiguously limits the scope of the exclusionary remedy. The exclusion of evidence for a violation of N.D.C.C. § 39-20-01(a) is now limited to administrative proceedings where a driver refused to take the chemical test.

[¶12] In this case, it is not necessary to determine whether N.D.C.C. § 39-20-01(3)(a) requires the officer who provides the implied consent warning to also be the officer who conducts the chemical test. As a matter of law, the remedy requested by Pouliot, the exclusion of the test through the application of N.D.C.C. § 39-20-01(b), does not apply because this is a criminal proceeding and because this case does not involve a refusal to take the chemical test.

[¶13]  The district court did not err in denying the motion to suppress evidence and the judgment of the district court is affirmed.

[¶14] Jon J. Jensen, C.J.
     Lisa Fair McEvers
     Daniel J. Crothers
     Gerald W. VandeWalle
     Jerod E. Tufte