# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 208

State of North Dakota,
 
Plaintiff and Appellee

v.

Christopher Lee Devine,
 
Defendant and Appellant

### No. 20200033

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan L. Bailey, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Reid A. Brady (argued), Assistant State's Attorney, Ryan J. Younggren, Assistant State's Attorney (on brief), and Sean Kraut (on brief), third-year law student, under the Rule on Limited Practice of Law by Law Students, Fargo, ND, for plaintiff and appellee.

Ashley K. Schell, Fargo, ND, for defendant and appellant.

Danny L. Herbel, Bismarck, ND, for amicus curiae North Dakota Association of Criminal Defense Lawyers.

**Jensen, Chief Justice.**

[¶1] Christopher Lee Devine appeals from a criminal judgment entered following his conditional guilty plea to criminal vehicular homicide, a class A felony, and two counts of criminal vehicular injury, class C felonies. Devine argues the district court was required to suppress the results of the chemical blood test because he was provided with an incomplete implied consent advisory. We conclude the exclusionary rule previously codified within N.D.C.C. § 39-20-01(3)(b) did not apply to a test obtained pursuant to N.D.C.C. § 39-20-01.1. We affirm.

I

[¶2] On March 23, 2019, officers responded to a motor vehicle accident involving two vehicles. Devine was identified as the driver of one of the vehicles. One of the passengers in the vehicle driven by Devine died due to injuries sustained in the accident, and two other passengers in the vehicle sustained injuries requiring medical treatment.

[¶3] Devine was transported from the scene of the accident to the hospital for medical treatment. Prior to initiating contact with Devine, law enforcement obtained a search warrant to obtain a blood sample from Devine. After law enforcement had secured the search warrant, Devine was read an implied consent advisory that omitted the portion of the advisory informing a driver that refusal to submit to a urine or breath test is a crime punishable in the same manner as driving under the influence. The reading of the implied consent warning was preserved by an audio recording taken at the hospital.

[¶4] Devine moved to suppress the results of the chemical blood test based on an incomplete reading of the implied consent advisory. The parties stipulated that a transcript of the audio recording accurately reflected the reading of the implied consent advisory to Devine. The district court found the blood test results were admissible because law enforcement obtained a search warrant for a blood sample; it was unnecessary for the officer to seek Devine's consent

1

to testing after securing the warrant; and any deficiency in the reading was therefore immaterial.

[¶5] Devine entered a conditional plea of guilty preserving his right to appeal the denial of his motion to suppress the blood test results. Devine argues the failure to provide him with a complete reading of the implied consent advisory requires the exclusion of the test results pursuant to the exclusionary rule previously codified within N.D.C.C. § 39-20-01(3)(b), and that a deficiency in the reading of the implied consent advisory could not be cured by law enforcement securing a warrant to take a blood sample from Devine.

## II

[¶6] In reviewing a district court's decision on a motion to suppress, this Court defers to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. *State v. Washington*, 2020 ND 120, ¶ 7, 943 N.W.2d 757. Questions of law are fully reviewable. *Id*.

[¶7] The State concedes that the omission of the part of the advisory that would have informed Devine that refusal to submit to a urine or breath test is a crime punishable in the same manner as driving under the influence was a substantive omission. Our cases applying the exclusionary rule previously found within N.D.C.C. § 39-20-01(3)(b) have required the exclusion of the test results when there was a substantive omission of a portion of the implied consent advisory. *See, e.g.*, *City of Bismarck v. Vagts*, 2019 ND 224, ¶ 18, 932 N.W.2d 523.

## III

[¶8] The State argues that it was unnecessary to provide the implied consent advisory to Devine because law enforcement had already secured a warrant to collect blood from Devine. Alternatively, the State argues the blood sample was collected pursuant to N.D.C.C. § 39-20-01.1, and the exclusionary rule provided within N.D.C.C. § 39-20-01(3)(b) only applies to testing performed pursuant to N.D.C.C. § 39-20-01. Devine asserts that the search warrant did not vitiate the

necessity of reading a complete implied consent advisory, a statutory protection provided within N.D.C.C. § 39-20-01(3).

[¶9] The Fourth Amendment has been interpreted by the United States Supreme Court to require law enforcement to secure a warrant in order to require a blood sample. *Birchfield v. North Dakota*, 136 S.Ct. 2160, 2184 (2016). When law enforcement fails to secure a warrant or demonstrate an exception allowing a warrantless search, the test results are subject to suppression in a criminal proceeding as an unreasonable search. *Id.* However, statutes may require more stringent protections than the federal constitution requires. *See State v. Brown*, 2018 ND 31, ¶ 9, 906 N.W.2d 120; *see also Schoon v. N.D. Dep't of Transp.*, 2018 ND 210, ¶ 11, 917 N.W.2d 199, ("*Birchfield* did not abrogate the admissibility requirements of N.D.C.C. § 39-20-01(3)").

[¶10] Statutes are construed as a whole and harmonized to give meaning to related provisions. *State v. Marcum*, 2020 ND 50, ¶ 21, 939 N.W.2d 840 (citing *State v. Kuruc*, 2014 ND 95, ¶ 32, 846 N.W.2d 314). This Court considers the context of the statutes and the purposes for which they are enacted. *Id.*

[¶11] At the time of Devine's arrest, N.D.C.C. § 39-20-01(3) read as follows:

3. a. The law enforcement officer shall inform the individual charged that North Dakota law requires the individual to take a chemical test to determine whether the individual is under the influence of alcohol or drugs and that refusal of the individual to submit to a test directed by the law enforcement officer may result in a revocation of the individual's driving privileges for a minimum of one hundred eighty days and up to three years. In addition, the law enforcement officer shall inform the individual refusal to take a breath or urine test is a crime punishable in the same manner as driving under the influence. If the officer requests the individual to submit to a blood test, the officer may not inform the individual of any criminal penalties until the officer has first secured a search warrant.

3

b. A test administered under this section is not admissible in any criminal or administrative proceeding to determine a violation of section 39-08-01 or this chapter if the law enforcement officer fails to inform the individual charged as required under subdivision a.

N.D.C.C. § 39-20-01 (2017).

[¶12] If a driver of a vehicle is involved in a motor vehicle accident that causes death or serious bodily injury to another, N.D.C.C. § 39-20-01.1 applies:

> [If] there is probable cause to believe that the driver is in violation of section 39-08-01, a law enforcement officer shall request the driver to submit to a chemical test or tests of the driver's blood, breath, or urine to determine the alcohol concentration or the presence of other drugs or substances, or both.

N.D.C.C. § 39-20-01.1(1) & (2).

[¶13] Devine was the driver of a vehicle involved in a crash resulting in the death of another individual. Devine has not challenged the probable cause asserted by law enforcement in securing the warrant to obtain a blood sample from Devine. The circumstances of this case fall within the statutory scope of N.D.C.C. § 39-20-01.1 pertaining to the chemical testing of a driver involved in a crash resulting in serious bodily injury or death.

[¶14] The exclusionary rule previously codified within N.D.C.C. § 39-20-01(3)(b) is expressly limited to testing "administered under this section . . . ." The statutory language is unambiguous, applies the exclusionary rule only to tests administered under N.D.C.C. § 39-20-01, and does not extend the exclusionary rule to tests administered under N.D.C.C. § 39-20-01.1.

4

## IV

[¶15] The exclusionary rule previously provided within N.D.C.C. § 39-20-01(3)(b) applied only to tests administered under N.D.C.C. § 39-20-01. Because the test at issue was administered under N.D.C.C. § 39-20-01.1, the exclusionary rule did not apply, and the district court did not err in denying Devine's motion to suppress. Having concluded N.D.C.C. § 39-20-01.1 is determinative, it is unnecessary to address the other issues raised by Devine. We affirm the judgment.

[¶16] Jon J. Jensen, C.J.
Daniel J. Crothers
Gerald W. VandeWalle
Jerod E. Tufte
Lisa Fair McEvers