# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 215

City of Minot,                                                  Plaintiff and Appellee

v.

Jonathan Andrew Miller,                              Defendant and Appellant

## No. 20200121

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Stacy J. Louser, Judge.

AFFIRMED.

Per Curiam.

Morgan R. Glines, Special Assistant City Attorney, Minot, ND, for plaintiff and appellee.

Chad R. McCabe, Bismarck, ND, for defendant and appellant.

# City of Minot v. Miller
## No. 20200121

**Per Curiam.**

[¶1]   Jonathan Miller appeals from a criminal judgment entered as a result of a conditional guilty plea, arguing the district court erred in denying his motion in limine to exclude results of the breath test. We affirm.

[¶2]   Miller was arrested in Minot and charged with driving under the influence. The arresting officer read Miller a post-arrest implied consent advisory for a chemical breath test. Miller was taken to the Minot Police Department but a second officer administered the test because the arresting officer was not certified to perform the Intoxilyzer test. The second officer did not read Miller an implied consent advisory.

[¶3]   Miller requested a jury trial, the case was transferred to district court, and Miller filed a motion in limine to exclude the chemical test results based on a claim N.D.C.C. § 39-20-01 required the officer administering the chemical test to give the implied consent advisory. The district court denied Miller's motion, and he entered a conditional guilty plea to the charge of driving under the influence and reserved his right to appeal. Miller timely appealed from the criminal judgment, arguing the district court erred in denying his motion in limine.

[¶4]   We summarily affirm under N.D.R.App.P. 35.1(a)(7). *See State v. Pouliot*, 2020 ND 144, ¶ 12, 945 N.W.2d 246 ("In this case, it is not necessary to determine whether N.D.C.C. § 39-20-01(3)(a) requires the officer who provides the implied consent warning to also be the officer who conducts the chemical test. As a matter of law, the remedy requested by Pouliot, the exclusion of the test through the application of N.D.C.C. § 39-20-01(b), does not apply because

this is a criminal proceeding and because this case does not involve a refusal to take the chemical test.").

[¶5]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Gerald W. VandeWalle
        Jerod E. Tufte
        Lisa Fair McEvers