FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JANUARY 6, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 9

State of North Dakota,                                        Plaintiff and Appellee

    v.

Charles Spencer Mayland,                               Defendant and Appellant

## No. 20210213

Appeal from the District Court of Divide County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Seymour R. Jordan, State's Attorney, Crosby, ND, for plaintiff and appellee.

Marie A. Miller, Minot, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Charles Spencer Mayland appeals from a judgment of conviction for being in actual physical control of a motor vehicle while under the influence. Mayland entered a conditional plea of guilty, preserving his right to appeal the denial of his motion to suppress evidence. He argues he was read the implied consent advisory before being arrested in violation of N.D.C.C. § 39-20-01(2), and the statutory remedy for the violation is the exclusion of evidence. Because the statutory exclusion of evidence provided within N.D.C.C. § 39-20-01(3)(b) is limited to the proof of the refusal to submit to testing in administrative proceedings, we affirm.

I

[¶2]   In September 2020, Mayland was arrested and charged with Actual Physical Control of a Motor Vehicle in violation of N.D.C.C. § 39-08-01. Mayland was approached by a law enforcement officer in the parking lot of a bar following a report he was sleeping in his vehicle. Mayland was awake when the officer arrived. The officer read Mayland the initial screening advisory and Mayland agreed to take a preliminary breath test, the result of which exceeded the legal limit to operate or be in actual physical control of a motor vehicle. Following the preliminary breath test, Mayland asked if he could walk home and was told he could not walk home and he was not allowed to leave. The officer then read the implied consent advisory as required by N.D.C.C. § 39-20-01(3)(a). Mayland consented to take an Intoxilyzer test, the result of which was above the legal limit.

[¶3]   Mayland filed a motion to suppress the Intoxilyzer test result, arguing the officer failed to inform him he was under arrest before reading the implied consent advisory and administering the chemical test. The State responded and argued that the officer had placed Mayland under arrest.

[¶4]   The district court found Mayland was not placed under arrest prior to being read the implied consent advisory as required by the plain language of

the statute. *City of Grand Forks v. Barendt*, 2018 ND 272, ¶ 14, 920 N.W.2d 735. However, quoting this Court's decision in *State v. Pouliot*, 2020 ND 144, ¶ 9, 945 N.W.2d 246, the court noted the following:

> "The legislature's amendment of N.D.C.C. § 39-20-01(b) unambiguously limits the scope of the exclusionary remedy. The exclusion of evidence for a violation of N.D.C.C. § 39-20-01(a) is now limited to administrative proceedings where a driver refused to take the chemical test."

The court subsequently concluded as follows:

> Suppression of a test result is not an available remedy when an officer violates N.D.C.C. [§] 39-20-01(2) by reading the implied consent advisory before placing a suspect under arrest rather than after.

[¶5]   On appeal, Mayland again argues for the application of the statutory exclusionary rule contained in N.D.C.C. § 39-20-01(3)(b). In his briefing to this Court he also argues the results of the breath test should be excluded pursuant to the protections provided by the Fourth Amendment of the United States Constitution.

## II

[¶6]   Our standard of review from a motion to suppress is as follows:

> When reviewing a district court's decision on a motion to suppress evidence, this Court will defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. A district court's decision on a motion to suppress will be affirmed if there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. Any questions of law are fully reviewable on appeal.

*State v. Pouliot*, 2020 ND 144, ¶ 6 (internal citations and quotations omitted).

[¶7]   Both parties place significant emphasis on the district court's finding that Mayland was not under arrest at the time he was read the implied consent

2

advisory. The State contends the finding was erroneous, Mayland was under arrest, and N.D.C.C. § 39-20-01(2) was not violated. Alternatively, the State argues regardless of whether Mayland was placed under arrest before or after being read the implied consent warning, the statutory exclusionary rule applies only in administrative proceedings when a driver has refused testing.

[¶8] Mayland cites to, without distinguishing from, this Court's holding in *Pouliot*, 2020 ND 144. In *Pouliot,* we held as follows:

> In 2019, the Legislature once again amended N.D.C.C. § 39-20-01(3)(b), which became effective August 1, 2019, to read as follows:
>
>> b. If an individual refuses to submit to testing under this section, proof of the refusal is not admissible in any administrative proceeding under this chapter if the law enforcement officer fails to inform the individual as required under subdivision a.
>
> The 2019 amendment significantly limits the scope of the exclusion of evidence to "proof of the refusal" in an "administrative proceeding." "When the legislature amends an existing statute, it indicates its intent to change the statute's meaning in accord with its new terms." State v. Beilke, 489 N.W.2d 589, 592-93 (N.D. 1992). "The legislature is presumed to act with purpose and not perform useless acts." Id. The legislature's amendment of N.D.C.C. § 39-20-01(b) unambiguously limits the scope of the exclusionary remedy. The exclusion of evidence for a violation of N.D.C.C. § 39-20-01(a) is now limited to administrative proceedings where a driver refused to take the chemical test.

*Pouliot*, at ¶¶ 10-11.

[¶9] It is not necessary for this Court to engage in a review of the fact specific finding of when Mayland was placed under arrest. Regardless of whether Mayland was placed under arrest before or after he was read the implied consent warning, and regardless of whether reading the implied consent warning must occur after the arrest, this Court's decision in *Pouliot* unambiguously provides "[t]he exclusion of evidence for a violation of N.D.C.C. § 39-20-01(a) is now limited to administrative proceedings where a driver

3

refused to take the chemical test." This case is a criminal proceeding and not an administrative proceeding. Mayland took the test, he did not refuse the test. The district court correctly concluded the statutory exclusionary rule does not apply to this case.

## III

[¶10] Mayland challenges the refusal to suppress the Intoxilyzer result under the Fourth Amendment. Mayland did not assert in the district court that the protections of the Fourth Amendment compelled suppression of the Intoxilyzer test results. He requests this Court consider the issue on appeal because "there is a strong possibility of reoccurrence or the issue is one of public policy or of broad . . . concern." *State v. Whitman*, 2013 ND 183, ¶ 15, 838 N.W.2d 401 (internal citations omitted). In summary, Mayland asserts he was not under arrest, without an arrest there could be no search incident to arrest, and as a result the evidence was seized in violation of the Fourth Amendment.

[¶11] This Court has consistently held that "a question not raised or considered in the trial court cannot be raised for the first time on appeal." *Bearce v. Yellowstone Energy Dev.*, 2021 ND 143, ¶ 11, 963 N.W.2d 299 (quoting *State v. Kensmoe*, 2001 ND 190, ¶ 17, 636 N.W.2d 183). We decline Mayland's invitation to review whether the protections of the Fourth Amendment require suppression of the test results.

## IV

[¶12] The statutory exclusionary rule in N.D.C.C. § 39-20-01(3)(b) applies only in administrative hearings involving the refusal to submit to a chemical test. We decline to address issues not raised in the district court. We affirm the judgment.

[¶13] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

4